**Ruth Ann SAFFOLD et al., Appellants,**

v.

**McGRAW–EDISON COMPANY,**
**Appellee.**

**No. 77–1193.**

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 15, 1977.

Decided Dec. 8, 1977.

William H. Pickett, Kansas City, Mo., for appellants; Sandra C. Midkiff, Kansas City, Mo., on brief.

David W. Shinn, Shook, Hardy & Bacon, Kansas City, Mo., for appellee; Laurel H. Corn, Kansas City, Mo., on brief.

Before BRIGHT and ROSS, Circuit Judges, and HARPER, Senior District Judge.*

ROSS, Circuit Judge.

Ruth Ann Saffold was injured on April 29, 1970, while operating a flatwork ironer in the laundry where she had been employed for about two weeks. At the time of Saffold's injury the ironer had no protective fingerguard of any kind. She brought this products liability action against McGraw-Edison Company, American Laundry Machinery Division, the corporate successor of the original manufacturer of the ironer, alleging that the defendant was liable for her injuries under theories of strict liability and negligence. The jury returned a verdict for the defendant on all issues. Saffold appeals.

## Rule 37 Sanctions.

■ Saffold's first issue on appeal is not properly before this court and we do not rule on it. She complains about various discovery problems and contends that the district court abused its discretion in failing to impose sanctions under Rule 37 of the Federal Rules of Civil Procedure.

Plaintiff made several motions for Rule 37 sanctions and for attorney's fees and expenses. Following the trial the district court ordered that an evidentiary hearing on those motions be held on October 13, 1976, but at defendant's request a continuance was granted. No hearing has been held and the district court has not ruled on plaintiff's motions.[1] This is a reviewing tribunal, not a trial court, and we must refrain from the exercise of any trial functions conferred by law on district courts. See *Britt v. Corporacion Peruana De Vapores*, 506 F.2d 927, 932 (5th Cir. 1975).

## References to Missouri Statutes.

Plaintiff's second allegation of error relates to the trial court's allowance of the defendant's reference to, and reading of, Missouri statutes. She contends that the defendant interjected a false issue into the proceedings by referring to her employer's allegedly criminal conduct in removing the fingerguard when there was no evidence of the employer's arrest or conviction.

Plaintiff's theories of liability were first, that the defendant was negligent in designing the ironer; and second, that the ironer was defective when manufactured and sold in 1930 and was unreasonably dangerous to a prospective user. Defendant's evidence showed that the ironer, as designed and sold in 1930, was equipped with a fingerguard connected to a clutch mechanism so that when the fingerguard was pushed the clutch was disengaged, the motor drive was separated from the rolls so it could not transmit power, and the ironer stopped by inertia; that the fingerguard was set so that a hand could not go under it; and that the clutch mechanism was failsafe so that if the clutch did not function the ironer would not operate. The defendant contended that the fingerguard had been removed and the clutch rendered inoperable by plaintiff's employer.

---

* The Honorable Roy W. Harper, Senior United States District Judge for the Eastern District of Missouri, sitting by designation.

1. We believe that the trial court's failure to rule on those motions does not affect the finality of the judgment entered on the verdict and is correctible under Rule 60(a) of the Federal Rules of Civil Procedure. After the trial court has ruled on the motions, appeal on the disposition may be taken.

Missouri Revised Statutes §§ 292.020, 292.200, and 292.210 make it a misdemeanor for an employer to fail to safely and securely guard machinery which is placed so as to be dangerous to employees. Defendant's counsel made reference to these statutes in his opening statement, read the statutes into evidence, and referred to them again during final argument. Plaintiff objected to the opening remarks because the statutes were not listed as exhibits, and to the reading of the statutes because they were prejudicial and irrelevant since there was no conviction of *"this defendant."* Those objections were overruled.

■ The general rule is that the "introduction into evidence of domestic statutes (or law) is wholly improper." *Domijan v. Harp*, 340 S.W.2d 728, 734 (Mo.1960). Federal courts must take judicial notice of the statutory and common law of any state of the union without pleading or proof. *Lamar v. Micou*, 114 U.S. 218, 223, 5 S.Ct. 857, 29 L.Ed. 94 (1885); *McIndoo v. Burnett*, 494 F.2d 1311, 1313 (8th Cir. 1974). The interpretation and applicability of a law to the issues in a trial is one of the principle functions of the judge and he announces his findings to the jury for their guidance. McCormick, *Judicial Notice*, 5 Vand.L.Rev. 296, 303 (1952).

■ We therefore believe that the proper procedure would have been for the trial court to judicially notice the statutes, instruct the jury as to their applicability,[2] and prohibit the reading of the statutes or reference to their criminal aspects. However, failure to follow this procedure is not ground for granting a new trial or disturbing a verdict unless the result is "a plain miscarriage of justice" or "inconsistent with substantial justice." *See* Fed.R.Civ.P. 61. *See also Morrow v. Greyhound Lines, Inc.*, 541 F.2d 713, 724 (8th Cir. 1976), and cases cited therein. We have thoroughly reviewed the record and find that although references to the alleged criminal conduct of plaintiff's employer should not have been allowed, that defect in the proceeding did

not affect the substantial rights of the parties and must be disregarded. Plaintiff failed to make a submissible case under either strict liability or negligence.

The final judgment of the district court is affirmed. However, the case is remanded and the district court is ordered to rule on plaintiff's Rule 37 motions. Each party is ordered to pay its own costs on appeal.

---

**2.** Defendant offered the statutes on the issue of foreseeability, i. e., that it could rely on the fact that people will not violate the law, and they were admitted for that purpose.