SAFECO INSURANCE COMPANY OF AMERICA, Appellee,

v.

Teddye COSTELLO, Appellant.

No. 85–2530.

United States Court of Appeals,
Eighth Circuit.

Submitted June 13, 1986.

Decided Aug. 25, 1986.

Terrance L. Farris, Clayton, Mo., for appellant.

Joseph L. Leritz, St. Louis, Mo., for appellee.

Before ROSS, McMILLIAN, and BOWMAN, Circuit Judges.

BOWMAN, Circuit Judge.

This is a diversity case involving a fire insurance policy. The case is governed by the substantive law of Missouri. Teddye

Costello appeals from the trial court's [1] grant of the motion of Safeco Insurance Company (Safeco) for summary judgment on three of Costello's claims and the entry of judgment on the jury's verdict for Safeco on the remaining two claims. We affirm.

## I.

In April 1983, a fire destroyed Costello's personal property and severely damaged her townhouse. She had a homeowner's insurance policy with Safeco, with which she promptly filed a claim. Because the fire was the result of arson, the scope of Safeco's investigation included reviewing Costello's personal and business financial records. The object of this review was to determine if Costello had any financial reason to destroy her townhouse to secure the insurance proceeds. Costello supplied her personal financial records, but refused to give Safeco financial records related to her business.

In October 1983, Safeco commenced this action seeking a declaratory judgment that Costello had breached her insurance contract by refusing to provide the requested business records. Costello denied Safeco's claim and counterclaimed that Safeco's refusal to pay was wrongful and that Safeco tortiously interfered with Costello's relationship with her homeowner's association. She sought compensatory damages for the amount due under the insurance policy, for the closing and financing costs associated with purchasing a new home, and for emotional distress. She also sought punitive damages. In March 1984, Costello produced records that satisfied Safeco as to the financial stability of Costello's business. Accordingly, in May, June, and July 1984, Safeco made a series of payments to Costello for the amount it determined was due under the policy. In June 1984, Safeco voluntarily dismissed its declaratory judgment action, without prejudice.

In September 1985, the trial court granted Safeco's motion for summary judgment on Costello's claims for the closing and financing costs of buying a new home, emotional distress, and punitive damages. The case proceeded to trial and the jury returned a verdict for Safeco, finding that its payments to Costello were adequate and timely under the circumstances and that Safeco had not intentionally interfered with Costello's relationship with the homeowner's association. The trial court denied Costello's motion for a judgment notwithstanding the verdict and this appeal ensued.

Costello raises two issues. First, she argues that the trial court erred in granting summary judgment on her claim that Safeco intentionally or negligently inflicted emotional distress. Second, she contends that the trial court erred by refusing to take judicial notice of certain regulations of the State of Missouri concerning an insurance company's duty to investigate and pay claims promptly.

## II.

We deal first with Costello's argument that the trial court erred in granting summary judgment on her claim of emotional distress. The trial court sustained Safeco's motion after finding that Costello had failed to show that Safeco committed any extreme or outrageous act as required under Missouri law to sustain a claim of emotional distress. *See Gibson v. Hummel,* 688 S.W.2d 4, 7 (Mo.Ct.App.1985). As the trial court noted, Costello's deposition stated that her mental distress was attributable only to Safeco's failure to pay the claims in a timely manner. On this basis, the trial court found that there was no genuine issue of material fact and ruled, as a matter of law, that Safeco's action did not amount to extreme or outrageous conduct.

When reviewing the grant of a motion for summary judgment, we give the nonprevailing party the benefit of every favorable inference that can be drawn from

---

1. The parties submitted the case to the Honorable David D. Noce, United States Magistrate for the Eastern District of Missouri, for trial pursuant to 28 U.S.C. § 636(c).

the facts. *See Glass v. Allis-Chalmers Corp.*, 789 F.2d 612, 613 (8th Cir.1986). In addition to stating that her distress was solely attributable to Safeco's delay in paying her claim, Costello also stated in her deposition that she believed that Safeco's declaratory judgment action was filed without justification. Appellant's Brief at 16 (reprinting excerpts from Costello's deposition, pages 37–38). We are satisfied that those statements do not raise a genuine issue of material fact as to whether Safeco's actions were extreme or outrageous as required under Missouri law to sustain a claim for either intentional or negligent infliction of emotional distress. " 'Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.' " *Gibson*, 688 S.W.2d at 7 (quoting *Restatement (Second) of Torts* § 46 comment d).

Thus, under the applicable legal standard, the trial court clearly was correct in ruling that the facts of this case do not reach the level of outrageous conduct for which relief could be granted. The delay in payment was directly attributable to the questionable origin of the fire, requiring a more detailed investigation than usual, and Costello's refusal to turn over her business financial records, which under the circumstances Safeco was entitled to demand. Once Costello released her records, Safeco promptly reviewed them and began making payments on the claim. It thus appears that Costello's emotional distress was largely of her own making.

▪ Further, to establish a claim for negligent infliction of emotional distress, Costello had to show that Safeco should have realized its conduct involved an unreasonable risk of causing emotional distress and that the distress or injury was medically diagnosable and of sufficient severity to be medically significant. *Bass v. Nooney Co.*, 646 S.W.2d 765, 772 (Mo.1983); *see Young v. Stensrude*, 664 S.W.2d 263, 265 (Mo.Ct.App.1984). Costello did not present evidence that Safeco should have foreseen that its investigation of her financial status involved an unreasonable risk of causing emotional distress. Nor could any such inference properly be drawn from the evidence before the trial court on the summary judgment motion. The evidence is clear that Safeco acted to protect itself from a suspected fraud—that Costello arranged for the fire to collect insurance proceeds. At most, Safeco's delay could have been a breach of contract (the jury found that it was not) for which contractual remedies would have been available.

Accordingly, we agree with the trial court that there were no genuine issues of material fact, and we hold that the trial court properly granted Safeco's motion for summary judgment on the issue of emotional distress.

### III.

Costello argues that the trial court's refusal to take judicial notice of Missouri regulations setting standards for prompt and fair settlement of insurance claims, 4 Mo.Admin.Code § 190–10.060, was erroneous under Federal Rule of Evidence 201. We disagree. At trial, Costello's attorney asked the court to take judicial notice of the regulations, apparently to lay a foundation for a line of questioning he was pursuing. He did not seek to read the regulations to the jury at that time. The court deferred ruling on whether it would take judicial notice of the regulations, stating that they concerned a matter of law which properly should be addressed in the instructions to the jury. The court therefore told Costello's attorney to pursue the issue during the jury instruction conference. Trial Record (T.R.) at 2–85. He did not do so. T.R. at 3–182 to 3–224.

▪ Because Costello did not object to the trial court's failure to instruct the jury on the regulations, she cannot now claim that the absence of such an instruction was error. *See* Fed.R.Civ.P. 51; *Andrews v. Olin Mathieson Chemical Corp.*, 334 F.2d 422, 429 (8th Cir.1964). Although Costello does not claim that the trial court plainly

erred, *see* Fed.R.Civ.P. 61, we have reviewed the failure to give an instruction on the Missouri regulations under that standard. In the circumstances of this case, we find no error and certainly no error amounting to a miscarriage of justice or seriously affecting the fairness or integrity of the trial. *Missouri Pacific Railroad v. Star City Gravel Co.*, 592 F.2d 455, 459 (8th Cir.1979); *Saffold v. McGraw-Edison Co.*, 566 F.2d 621, 623 (8th Cir.1977).

## IV.

For the reasons set forth above, we affirm the trial court's grant of summary judgment on Costello's claim of emotional distress and its entry of judgment on the jury's verdict in Safeco's favor.