Gregory O. Grounds, Kansas City, for appellant.

Gary Cupples, Daniel Ryan, Kansas City, for respondents.

Before NUGENT, P.J., and SHANGLER and MANFORD, JJ.

NUGENT, Presiding Judge.

Ruby Whiters appeals from a grant of summary judgment in favor of defendants, Ralph and Verdis Blewett.

We reverse and remand.

**Ruby WHITERS, Appellant,**

v.

**Ralph and Verdis BLEWETT, Respondents.**

**No. WD 39511.**

Missouri Court of Appeals, Western District.

Dec. 15, 1987.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 2, 1988.

Application to Transfer Denied March 15, 1988.

On August 23, 1985, the Blewetts filed in the associate circuit division of Jackson County a landlord's complaint against Ruby Whiters for rent and possession.

On September 8, a sink allegedly fell from a wall and struck and injured Mrs. Whiters. On September 9 Mrs. Whiters answered the summons in the landlord's action and requested a trial. The trial was held on September 17, and the court entered judgment for the Blewetts and against Mrs. Whiters for back rent and

possession. The judgment became final on September 27.

In February, 1986, Mrs. Whiters commenced an action against the Blewetts in the circuit court for personal injuries. The Blewetts filed a motion for summary judgment claiming that Mrs. Whiters' claim was a compulsory counterclaim and that her failure to assert it in the landlord's action barred its prosecution. The court granted the Blewetts' motion for summary judgment, and this appeal followed.

On appeal the plaintiff contends that the trial court erred in granting summary judgment against her because at the time of the landlord-tenant action no compulsory counterclaim rule was in effect in the associate circuit courts. The landlord tenant action arose in 1985, and, therefore, came within the purview of the 1978 revision of Missouri statutes. Chapter 517 of the revised statutes apply to the practice and procedure in civil actions before associate circuit judges. § 517.010. § 517.020.2(1), states:

Notwithstanding the provisions of subsection 1 of this section, the following statutes or rules relating to practice before circuit judges shall not apply with respect to the cases or classes of cases to which this chapter 517 is applicable or shall be limited as herein provided:

(1) The extant statutes and supreme court rules relating to pleadings contained in Chapter 509, RSMo, and rule 55 shall not apply.

If Rule 55.32(a) did not then apply, Mrs. Whiters was not required to bring her personal injury claim against the Blewetts as a compulsory counterclaim.

The Blewetts appear to argue that Rule 41.01 applies to the present case and that, since it does not preclude Rule 55, the rule applies. Rule 41.01(b) states:

Civil actions originating before an associate circuit judge or in the probate division of the circuit court but which are pending in the Supreme Court, Court of Appeals, or before a circuit judge, other than a circuit judge in the probate division, shall be governed by Rules 41 through 101, except that Rule 55 shall not apply unless the court orders the application of Rule 55, or specified portions of it, and a copy of such order is served upon each of the parties or their attorneys. Such order shall specify the provisions of Rule 55 which shall be complied with and the time for compliance.

Rule 41.01(b) is plainly not applicable to the case at bar. The Blewetts' civil action was heard in the associate circuit court; the case was not pending in the Supreme Court, the Court of Appeals or before a circuit judge. No court order was issued to apply Rule 55. Rule 41.01(b) applies to cases that come under those special conditions. The present case does not. Section 517.020.2 governs, and that is the end of the question.

We reverse and remand for further proceedings and trial.

All concur.