Donald **TREFNEY, Personal Representative, Estate of Violet Trefney, Deceased, Plaintiff–Respondent,**

v.

**NATIONAL SUPER MARKETS, INC., Defendant–Appellant.**

No. 57542.

Missouri Court of Appeals, Eastern District, Division Five.

Dec. 26, 1990.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 29, 1991.

Application to Transfer Denied March 5, 1991.

Michael C. Todt, Charles P. Todt, Bruce Hilton, St. Louis, for defendant-appellant.

Kim Roger Luther, Katherine Butler, St. Louis, for plaintiff-respondent.

CRANDALL, Chief Judge.

Defendant, National Super Markets, Inc. (National), appeals from the judgment of the trial court, pursuant to a jury verdict, in favor of Violet Trefney (plaintiff) [1] which awarded her damages for bodily injuries she sustained when she was struck by an automatic door at one of National's stores. We affirm.

The evidence, viewed in the light most favorable to the verdict, established that on March 27, 1985, plaintiff was a customer at a store owned and operated by National. After grocery shopping, she was leaving the store by way of an automatic door which was controlled by a "Vision Pulse" stick and which swung outward. When she was only partly through the door, it swung backward, striking her in the chest and knocking her to the ground. As a result of the fall, she sustained serious injury.

The morning of the accident, the assistant manager of the store had unlocked the door and had checked to see if it opened. He had not, however, tested the operation of the door by walking completely through it. After the accident, that same assistant manager walked through the door to see if it was working. When it worked properly, he kept the door in service. He notified

---

**1.** Plaintiff in the original action, Violet Trefney, died during the pendency of this appeal; and Donald Trefney, the personal representative of her estate, was substituted as the proper party on appeal.

Schultz Door Company (Schultz), the company with whom National had a service agreement, of the problem with the door. Schultz found that the activation side of the Vision Pulse stick was inoperable; and, two days after the accident, replaced the Vision Pulse stick and the "end caps" on the door.

The trial court submitted the case to the jury on the theory of res ipsa loquitur. The sole issue on appeal is whether the evidence supported submission of plaintiff's claim under that doctrine.

■ Res ipsa loquitur is a doctrine based upon circumstantial evidence. The doctrine permits a jury to infer negligence without proof of specific negligent conduct on the part of the defendant. In Missouri, we apply the doctrine and, thus, permit the inference when (1) the incident resulting in injury is of the kind which ordinarily does not occur without someone's negligence; (2) the incident is caused by an instrumentality under the control of the defendant; and (3) the defendant has superior knowledge about the cause of the incident. *E.g., McCloskey v. Koplar,* 329 Mo. 527, 46 S.W.2d 557, 559 (banc 1932); *Mahan v. Missouri Pacific R. Co.,* 760 S.W.2d 510, 513 (Mo.App.1988); *McClintock v. Terminal R.R. Ass'n. of St. Louis,* 257 S.W.2d 180, 184 (Mo.App.1953).

■ On appeal we do not weigh the evidence, but rather we determine whether that evidence is substantial and we point to inferences that may be drawn from that evidence. *Strick v. Stutsman,* 633 S.W.2d 148, 152 (Mo.App.1982). As regards circumstantial evidence, the trial court's function is to determine whether certain circumstances warrant an inference where application of the doctrine is sought. *Id.*

■ National asserts that plaintiff did not prove the first element of the doctrine, that the incident was not of the kind which ordinarily does not occur in the absence of negligence. National argues that other factors could have caused the door to malfunction; namely, normal wear and tear, damage by a shopping cart, defective parts, or merely an electronic glitch.

To prove the first element, the Restatement (Second) of Torts Section 328 D Comment e suggests that: "The plaintiff need not ... conclusively exclude all other possible explanations.... It is enough that the facts proved reasonably permit the conclusion that negligence is the more probable explanation...."

In the instant action, the evidence and the reasonable inferences drawn therefrom were that, on the day of the accident, National's assistant store manager had failed to test the automatic door adequately by doing a complete walk through. Schultz's records indicated that the Vision Pulse stick was inoperable. Within two days of the accident, Schultz repaired the door by replacing the Vision Pulse stick and the end caps of the door. *Compare Hisey v. Cashway Supermarkets, Inc.,* 77 N.M. 638, 426 P.2d 784 (1967) (after accident automatic door operated normally without any repairs). The trier of fact could reasonably conclude that the closing of the automatic door on plaintiff was the type of sudden, unusual malfunction which would not normally occur in the absence of National's negligence. *See Bass v. Nooney Co.,* 646 S.W.2d 765, 768 (Mo. banc 1983). There was substantial evidence to establish the first element essential for the application of the doctrine of res ipsa loquitur.

■ National also contends that plaintiff failed to show the second element of res ipsa loquitur, that the incident was caused by an instrumentality under defendant's control. As in any case of negligence, in order to make a submissible case, the plaintiff must show that it was more probable than not that the defendant was the cause of the negligence. *Mahan,* 760 S.W.2d at 513. If the plaintiff shows the defendant was in exclusive control of the instrumentality which caused the accident, he has inferentially focused negligence upon defendant. *Id.*

■ In the present case, plaintiff's evidence was that, at the time of the accident, the automatic door was located in a store which was owned and operated by National. A National employee was responsible

for unlocking the door, turning it on, checking to see if it worked, and reporting any malfunction to Schultz. After the accident, pursuant to the maintenance agreement with Schultz, National reported the door's malfunction. The trier of fact could reasonably conclude that National had control over the automatic door at the time of the accident. There was substantial evidence to establish the second element for the application of res ipsa loquitur.

The judgment of the trial court is affirmed.

SIMON and CRANE, JJ., concur.