**Darren HALL, Appellant,**

v.

**SUPERIOR CHEMICAL &
FERTILIZER, INC.,
Respondent.**

**Nos. WD 44042, WD 44060.**

Missouri Court of Appeals,
Western District.

Nov. 26, 1991.

Don Pierce, St. Joseph, for appellant.

George A. Pickett, Frost, Fisher, Pickett & Dahms, Plattsburg, for respondent.

Before FENNER, P.J., and
LOWENSTEIN, C.J., and ULRICH, J.

ULRICH, Judge.

Darren Hall appeals from the trial judge's order of remittitur reducing the jury verdict against Superior Chemical & Fertilizer, Inc., (SCF) from $7,590.00 to $785.95. SCF cross appeals the trial court's denial of its directed verdict motion, motion for judgment notwithstanding the verdict, and motion for new trial. The judgment is affirmed in part and reversed in part, and the cause is remanded with directions.

In its cross-appeal [1], SCF argues that the trial judge erred by not granting its dispositive motions because Mr. Hall failed to make a submissible case under the doctrine of res ipsa loquitur because the incident which Mr. Hall complains of is not an event which ordinarily occurs due to someone's negligence and the incident was not caused by the instrumentality under the control of SCF. Mr. Hall contends on appeal that the trial judge erred by remitting the jury's verdict, pursuant to § 537.068, RSMo Supp. 1990, because no evidence was presented demonstrating that the verdict exceeded fair and reasonable compensation for Mr. Hall's injuries.

The evidence at trial revealed that Darren Hall contracted with SCF, through its agent Larry McElfresh, to have SCF spray his crops for weed control for crop year 1989. During a discussion with SCF's agent, Mr. McElfresh, Mr. Hall and his father told Mr. McElfresh the chemicals they had used in the past on the land to be sprayed. However, Mr. Hall allowed Mr. McElfresh to decide which chemicals would be used. In addition to selecting the chemicals, Mr. McElfresh was responsible for mixing and applying chemicals to Mr. Hall's crops. Mr. McElfresh employed Mike Black to assist him. Subsequently, Mr. McElfresh and Mr. Black sprayed 336 acres of Mr. Hall's soybeans using the chemicals that they mixed.

Proper weed control was accomplished on all of Mr. Hall's bean crop except for two tracts of land, consisting of 28 and 32 acres. However, the two tracts did not sustain weed control. The evidence showed that the two tracts and 276 acres surrounding these two tracts were sprayed at the same time; however, good weed control was effected only upon the surrounding 276 acres. Mr. Hall's father testified that in his 40 years of farming he had never seen a situation such as this, that is, where nearly adjoining fields were sprayed at the same time, with the same chemicals, and during the same weather conditions, and all but a portion of the sprayed fields benefited from good weed control.

Poor weed control in the two tracts resulted in a reduced harvest. Mr. Hall claimed he lost 1,380 bushels of soybeans due to the poor weed control. The monetary damage amounted to $7,590.00, which equates to 1,380 bushels multiplied by the then market price of $5.50 per bushel.

The evidence further disclosed that Mr. Hall had been sent several bills for $12,456.33 from SCF for the work Mr. McElfresh performed. However, during cross-examination, Mr. Hall testified that he had only paid $5,652.28 of the bill, leaving an unpaid balance of $6,804.05.

After the close of all the evidence, the jury returned a verdict for Darren Hall. The jury found that Mr. McElfresh was an agent for SCF, that he selected the type, amount, and manner in which the chemical was to be applied, and that Mr. McElfresh was operating within the scope and course of his agency when he sprayed Mr. Hall's crops. The jury concluded that SCF's spray application did not control the weed growth on the two tracts where weeds grew and that the damaging weed growth was due to the negligence of SCF's agent, Mr. McElfresh. Accordingly, the jury awarded Mr. Hall $7,590.90 for damages resulting from SCF's negligence.

SCF submitted both a motion for judgment notwithstanding the verdict and a

---

1. SCF's cross-appeal contesting the judgment is considered before Mr. Hall's appeal from the

motion for a new trial.[2] SCF argued that Mr. Hall failed to make a submissible case based upon the doctrine of res ipsa loquitur. The trial judge denied these motions. However, the trial judge, on its own motion, entered an order of remittitur, pursuant to § 537.068, decreasing the verdict by $6,804.05, the amount of SCF's bill to Mr. Hall for its services which Mr. Hall has not paid.

### I.

SCF contends in its cross-appeal that Mr. Hall did not make a submissible case under the res ipsa loquitur doctrine and that the trial judge erred in not granting its dispositive motions for directed verdict, judgment notwithstanding the verdict, and motion for a new trial. SCF argues that Mr. Hall's case is defective for two reasons. First, SCF contends that Mr. Hall failed to prove that the incident of which he complains is an event which ordinarily occurs due to someone's negligence and, second, because Mr. Hall did not prove that the incident was caused by the instrumentality under SCF's control.

 The doctrine of res ipsa loquitur is based upon circumstantial evidence. *Trefney v. National Super Mkt., Inc.*, 803 S.W.2d 119, 121 (Mo.App.1990). Res ipsa loquitur allows the plaintiff to make a submissible case to the jury without having the burden of proving specific negligence. *Bonnot v. City of Jefferson City*, 791 S.W.2d 766, 768 (Mo.App.1990). The doctrine is available when (1) the incident resulting in injury to the plaintiff is of the kind which ordinarily occurs due to someone's negligence; (2) the incident is caused by an instrumentality under the defendant's management and control; and (3) the defendant has superior knowledge or access to information as to the cause of the occurrence. *Id.* (citing *Bass v. Nooney Co.*, 646 S.W.2d 765, 768 (Mo. banc 1983).

"[T]he trial court's function is to determine whether certain circumstances war-

rant an inference where application of the doctrine is sought." *Trefney*, 803 S.W.2d at 121. Appellate courts do not reweigh the evidence but, instead, determine whether substantial evidence and any favorable inferences from such evidence exist to support the trial court's determination. *Id.*

SCF argues that Mr. Hall did not prove either the first or second element of res ipsa loquitur. SCF contends that the lack of weed control on the two tracts of land is not an occurrence which results when those in charge act negligently. SCF proposes that other factors could have resulted in the ineffectiveness of the applied weed controls on the two tracts. These other factors include dry or wet weather, heat, time of the chemical application, type of chemical, and the type of weeds to be controlled.

 The doctrine of res ipsa loquitur does not require the plaintiff to exclude conclusively all other possible theories of nonliability on the part of the defendant. *Cremeens v. Kree Inst. of Electrolysis*, 689 S.W.2d 839, 842 (Mo.App.1985). The evidence and the reasonable inferences from such evidence were that SCF, through its agent, chose the chemicals to be used, mixed the chemicals, and then sprayed the chemicals upon Mr. Hall's crops. SCF properly sprayed the surrounding fields, which resulted in good weed control for Mr. Hall. SCF sprayed the two affected tracts and the surrounding crops at the same time, with the same chemicals, in the same manner, and in the same weather conditions. However, the two tracts experienced negligible weed kill. Additionally, Mr. Hall's father, who has farmed for approximately 40 years, testified that he has never witnessed an occurrence such as this. The trier of fact could have reasonably concluded that poor weed control on the two tracts of land is of the type of occurrence which would not normally occur in the absence of SCF's negligence. *Trefney*, 803 S.W.2d at 121. Therefore, substantial

order of remittitur.

**2.** SCF also argued for a directed verdict following the plaintiff's evidence and plaintiff's rebut-

tal evidence. The trial judge denied both of these motions.

evidence existed to establish the first element of res ipsa loquitur. *Id.*

SCF also argues that Mr. Hall failed to prove the second element of the res ipsa loquitur doctrine, that the incident was caused by an instrument under SCF's control. "As in any case of negligence, in order to make a submissible case, the plaintiff must show that it was more probable than not that the defendant was the cause of the negligence." *Id.*

The evidence at trial demonstrated that it was SCF's agent, Mr. McElfresh, who ultimately decided which chemicals to use. It was SCF's agent who mixed the chemicals and sprayed the chemicals onto Mr. Hall's crops. These crops were sprayed at the same time, in the same weather conditions, with the same chemicals, and by the same persons. Yet, two tracts received poor weed control. The trier of fact could reasonably have concluded that SCF had control over the selection, mixing and application of the chemicals sprayed on Mr. Hall's crops which failed to retard the growth of weeds. Thus, Mr. Hall presented sufficient evidence proving it was more probable than not that SCF, through its agent, was the cause of the negligence. *Id.* Therefore, substantial evidence exists establishing the second element of res ipsa loquitur, thereby allowing the submission of Mr. Hall's case to the jury. *Id.* SCF's point on appeal is denied.

## II

Mr. Hall contends for his appeal that the trial judge erred by entering the order of remittitur, which reduced the jury's verdict in his favor from $7,590.00 to $785.95. The court entered the order on its own motion and reduced the award by the amount which Mr. Hall owed to SCF for the spray application performed by its agent, Mr. McElfresh. Mr. Hall argues that the court was without the power to reduce the verdict for two reasons. First, because SCF had not pleaded setoff as a counterclaim or as an affirmative defense and, secondly, because Mr. Hall did not owe SCF any amount, but rather only owed Mr. McElfresh for the remainder of the bill.

Though the practice of remittitur was abolished in Missouri by *Firestone v. Crown Center Redevelopment Corp.*, 693 S.W.2d 99, 110 (Mo. banc 1985), the Missouri legislature in 1987 revived judicial remittitur authority with § 537.068, RSMo Supp.1987. The current remittitur statute states that "[a] court may enter a remittitur order if, after reviewing the evidence in support of the jury's verdict, the court finds that the jury's verdict is excessive because the amount of the verdict exceeds fair and reasonable compensation for plaintiff's injuries and damages." § 537.068, RSMo Supp.1990.

In reviewing the propriety of a remittitur, "[t]he trial judge is afforded broad discretion in ordering a remittitur. The discretion is afforded because the order of remittitur by the trial court constitutes a ruling upon the weight of the evidence." *Lewis v. Envirotech Corp.*, 674 S.W.2d 105, 113 (Mo.App.1984). This court will not disturb the order of remittitur unless the trial judge arbitrarily abused its discretion. *Id.* However, a review of the record and the applicable law in this case reveals that the court abused its discretion.

The trial judge reduced the jury's verdict by the amount which Mr. Hall owed to SCF for the chemical spray application. Mr. Hall argues that the court was without authority to reduce the verdict because SCF never pleaded any affirmative defenses or counterclaims for the nonpayment, thereby waiving its set-off claim.

A party to a civil action originating before an associate circuit judge or in the circuit court's probate division is not required to raise counterclaims or affirmative defenses in his pleadings unless the trial judge enters an order stating that the parties must plead such defenses. *See* Rule 41.01(b). Rule 55.01 prescribes that "[a] defense consisting of an affirmative avoidance to any matter alleged in a preceding pleading must be pleaded." Rule 55.08 also specifies that "[i]n a pleading to a preceding pleading, a party shall set forth affirmatively ... any ... matter constitut-

ing an avoidance or affirmative defense." However, Rule 55 has no application to the present appeal. Rule 41.01(b) expressly states that an action originating before an associate circuit judge "shall be governed by Rules 41 through 101, except that Rule 55 shall not apply unless the court orders the application of Rule 55, or specified portions of it, and a copy of such order is served upon each of the parties or their attorneys." Therefore, a party in a civil action before an associate circuit judge is not required to plead affirmative defenses or counterclaims, as required by Rule 55, unless the court orders the application of Rule 55. *Lankheit v. Estate of Scherer*, 811 S.W.2d 853, 855–56 (Mo.App.1991); *Ellinwood v. Estate of Lyons*, 731 S.W.2d 23, 26 (Mo.App.1987).

The court in *Lankheit*, in reviewing the application of Rule 41.01(b) to Rule 55, stated "that Rule 55 and more specifically Rule 55.08 dealing with the pleading of affirmative defenses, does not apply either to the action which originated in the associate division or to the claim which originated in the probate division. 811 S.W.2d at 855. The *Lankheit* court stated that Rule 55 did not apply since the associate circuit court judge did not enter an order specifying Rule 55's application. *Id.* (citing Rule 41.-01(b)). Additionally, the court in *Ellinwood* also determined that Rule 41.01(b) precluded the application of Rule 55 to actions originating before the probate division of the circuit court unless the court orders its application. 731 S.W.2d at 26.

In the present appeal, the trial judge did not enter an order specifying the application of Rule 55. Accordingly, SCF was not required to plead *setoff* as an affirmative defense or counterclaim. However, the fact that setoff was not required to be pleaded pursuant to Rule 41.01(b) does not alleviate the necessity for SCF to raise during trial the defense or counterclaim in contract and prove its claim.

During the course of the trial, SCF did not assert any counterclaims or affirmative defenses, nor did it present evidence of any affirmative avoidances. SCF's attorney specifically stated that he was not offering evidence to establish setoff as a counterclaim or affirmative defense. The following dialogue occurred when SCF's attorney cross-examined Mr. Hall on whether he had paid the remainder of the bill owed to SCF:

Q. Now you got a bill which has been introduced into evidence here from Superior—It's stamped on it at least "Superior Chemicals & Fertilizer"; haven't you?

A. Uh-huh. Yes, sir.

Q. Did you pay that bill?

A. No, sir.

MR. PIERCE [Mr. Hall's attorney]: Now, just a minute, please. Approach the bench.

(At this time counsel approached the bench, and the following proceedings were had:)

MR. PIERCE: I'm going to object on the ground about the payment. There's been no counterclaim filed here for the payment of any bill. Now, if this is in the nature to introduce evidence for the purpose of establishing a counterclaim, we're going to object, Your Honor. Because there's no pleading on the counterclaim.

MR. PICKETT [SCF's attorney]: It's not for that purpose. It's to show his bias.

Thus, no evidence was presented by SCF for the purpose of establishing a counterclaim or affirmative defense. The order of remittitur reducing the jury's verdict by the amount Mr. Hall may have owed to SCF was not entered because the jury's verdict exceeded the "fair and reasonable compensation for plaintiff's injuries and damages." The order of remittitur was in the nature of a judgment for defendant SCF on an undeclared claim that Mr. Hall owed SCF money for work performed. SCF neither pleaded the claim nor raised it during the trial and offered no evidence in support of the claim. Thus, the order of remittitur was an abuse of the trial court's discretion.

Having found favorably for Mr. Hall's first argument, Mr. Hall's second contention need not be addressed. The jury's verdict for $7,590 is affirmed, and the or-

 

der of remittitur is reversed. The cause is remanded to the trial court with directions to reinstate the jury's verdict.

All concur.

