Maryam RAHMAN, Plaintiff–Appellant,

v.

MATADOR VILLA ASSOCIATES, et al., Defendants–Respondents.

No. 73837.

Supreme Court of Missouri,
En Banc.

Dec. 17, 1991.

Christine Ann Gilsinan, Daniel R. Devereaux, St. Louis, for plaintiff-appellant.

John P. Cunningham, St. Louis, for defendants-respondents.

Susan M. Alverson, St. Louis, for amicus curiae Legal Serv. of East. Mo.

Clark D. Cunningham, David M. Becker, Washington University School of Law, Peter Salsich, Jr., Herbert Eastman, St. Louis University School of Law, St. Louis, for amicus curiae Univ. Law Profs.

HOLSTEIN, Judge.

The trial court dismissed plaintiff's personal injury action because, in a previous action between the parties, it was not asserted as a compulsory counterclaim under Rule 55.32(a). Plaintiff appeals. Following an opinion by the Missouri Court of Appeals, Eastern District, affirming the dismissal, this Court ordered the matter transferred here. Reversed and remanded.

Defendants, a Missouri general partnership, filed on July 29, 1987, in the Circuit Court of St. Louis County, an action against plaintiff for rent and possession under Chapter 535, RSMo 1986. The matter was heard by an associate circuit judge of that county. On October 26, 1988, judgment was entered against plaintiff. Plaintiff filed no responsive or other pleadings in the matter.

On November 19, 1987, plaintiff filed this action. Plaintiff's third-amended petition, from whose dismissal she appeals, alleges that she leased an apartment from defendants and on November 19, 1986, due to leakage of water, the ceiling of the bathroom fell on her head causing personal injuries. Her claim was in two counts, one contending that defendants "breached their warranty of habitability of Plaintiff's leased residential property." The other count claimed defendants were negligent in failing to repair defective plumbing.

Rent and possession suits originate before an associate circuit judge. *See § 535.-020, RSMo 1986; § 517.011.1(3), RSMo Supp.1990.* The rules of civil procedure apply to cases originating before an associate circuit judge "except where otherwise provided by law." *Section 517.021, RSMo Supp.1990.* Section 535.020, RSMo 1986, provides that landlord-tenant cases shall be heard and determined under the practice and procedure prescribed in the Missouri rules of civil procedure except where otherwise provided in Chapter 535.

Section 517.031.2, RSMo 1986, in effect when the rent and possession suit was filed (since amended, see RSMo Supp.1990) allowed counterclaims and provided that they shall be in writing, but did not require counterclaims. That section "does not speak to the compulsoriness of filing coun-

terclaims; it only speaks to the manner of filing counterclaims." Wilson & Thompson, *Continuing on the Yellow Brick Road,* 42 J.Mo.B. 21, 27 (1986).

If Rule 55.32(a) did not apply to the rent and possession action, then the dismissal was improper. No other pertinent statute or rule requires counterclaims to be filed. Plaintiff did not contend in the trial court nor before the eastern district that Rule 41.01 was applicable in this matter, nor was it raised here until reference to that rule by the Court in questioning counsel during oral argument. Because of the importance of deciding whether Rule 55 applies in a rent and possession suit, and the possibility of manifest injustice should plaintiff's claim be improperly dismissed due to a neglect to raise the question, the applicability of Rule 41.01 is considered under the "plain error" provision of Rule 84.13(c).

Rule 41.01(f) provides, "Civil actions pending in the associate circuit division shall be governed by Rules 41 through 101, except where otherwise provided by law." The last phrase, "otherwise provided by law," is an expression of this Court's deference to legislative enactments establishing specialized procedures for actions before associate circuit judges. *Exchange National Bank of Jefferson City v. Wolken,* 819 S.W.2d 45, 48 (Mo. banc 1991). In this case those procedures are found in Chapters 535 and 517. As previously noted, Chapter 517 permits, but does not require, counterclaims. Chapter 535 makes no mention of counterclaims.

The specific statute applicable to rent and possession and landlord-tenant actions is § 535.020. A basic rule of statutory construction is that the specific statute prevails over the general statute. *State ex rel. Osborne v. Goeke,* 806 S.W.2d 670, 672 (Mo. banc 1991). Section 535.020 provides in part:

> [T]he landlord or his agent may file a statement, verified by affidavit, with any associate circuit judge in the county in which the property is situated, setting forth the terms on which said property was rented, and the amount of rent actually due to such landlord; that the same has been demanded from the tenant, lessee or person occupying the premises, and that payment has not been made, and substantially describing the property rented or leased; and thereupon the judge shall issue a summons directed to such tenant or lessee and to all persons occupying the premises, by name, requiring them to appear before him upon a day to be therein named, and show cause why possession of the property should not be restored to the plaintiff.

This statute specifically applies to recovery of possession of rented property and prescribes what pleading shall be required. The procedure outlined in § 535.020 does not require a compulsory counterclaim. Chapter 517 does not compel counterclaims although it permits them to be filed if done so in writing. *Section 517.031.2, RSMo 1986.* Because the statutes describe the pleading requirements and Rule 41.01(f) defers to these statutes, appellant was not required by Rule 55.32(a) to file a counterclaim. The dismissal is erroneous and is reversed.

In reaching essentially the same result, a series of cases from the court of appeals has relied on Rule 41.01(b) to hold that Rule 55 relating to pleadings does not apply in actions pending in probate divisions of the circuit court or before associate circuit judges. *Lankheit v. Estate of Scherer,* 811 S.W.2d 853 (Mo.App.1991); *Ellinwood v. Estate of Lyons,* 731 S.W.2d 23 (Mo.App.1987); and *Estate of Sanders,* 719 S.W.2d 947 (Mo.App.1986), all involved whether the Rule 55 requirements regarding pleading of affirmative defenses applied in probate cases or in civil cases tried by associate circuit judges. Rule 41.01(b) provides:

> Civil actions originating before an associate circuit judge or in a probate division of the circuit court, but which are pending in the Supreme Court, Court of Appeals or before a circuit judge, other than a circuit judge in the probate division, shall be governed by Rules 41 through 101, except that Rule 55 shall not apply unless the court orders the application of Rule 55....

In each of the three cases cited the pleadings were made up at a time when the case was pending before a circuit judge in the probate division or an associate circuit judge and not while the case was pending

before a circuit judge, the court of appeals or the Supreme Court. Therefore, Rule 41.01(b) should not have been relied on. In *Lankheit* the case was consolidated from two cases, one a probate case and the other a Chapter 517 proceeding. To the extent that *Lankheit* was a Chapter 517 proceeding, the appellate court could properly have relied on Rule 41.01(f) to reach the same result.

*Lankheit* was also a probate proceeding, as were *Ellinwood* and *Estate of Sanders.* Because they were probate proceedings, the appropriate way of disposing of any question involving the applicability of Rule 55 in those cases would have been to follow Rules 41.01(a)(2) and Rule 41.01(c). Rule 41.01(a)(2) exempts probate proceedings from the application of Rules 41 through 101. However, Rule 41.01(c) provides, "Rules 41, 56, 57, 58, 59, 60, 61, and 62 apply to proceedings in the probate division of the circuit court." Insofar as the cases originated in the probate division, Rule 55 was inapplicable. Nevertheless, the result in those cases was consistent with Rules 41.01(a)(2) and 41.01(c).

Consistent with the holding here is *Whiters v. Blewett,* 745 S.W.2d 699 (Mo.App. 1987). There the plaintiff filed an action for personal injuries. The trial court dismissed the petition. The dismissal was based on the claim that the plaintiff's action should have been raised as a compulsory counterclaim to the defendant's earlier rent and possession action against the plaintiff. The Court of Appeals, Western District, reversed, finding that Rule 55 did not apply in a rent and possession action.

The order dismissing the plaintiff's petition for personal injury is reversed and the cause is remanded to the trial court for further proceedings.

ROBERTSON, C.J., and RENDLEN, COVINGTON, BLACKMAR, and BENTON, JJ., concur.

PREWITT, Special Judge, concurs in result.

THOMAS, J., not participating because not a member of the Court when case was submitted.