**KMS, INC., Appellant,**

v.

**Clyde WILSON, Doris Wilson, Richard Compton, Respondents.**

**No. WD 46739.**

Missouri Court of Appeals, Western District.

July 13, 1993.

William Patrick Cronan II, Columbia, for appellant.

Ronald K. Carpenter, Camdenton, for respondents.

Before BERREY, P.J., and BRECKENRIDGE and HANNA, JJ.

HANNA, Judge.

This is a Chapter 517 case. Plaintiff, KMS, Inc. ("KMS"), is a Kansas corporation in the business of reselling closed out stock purchased from manufacturers. The dispute in this case arose over which defendant is liable for payment of 644 cases of coffee, which KMS sold on credit at the price of $8.00 per case, for a total of $5,152. The issue on appeal is whether the defendants, in order to raise the defense, were obligated to plead the lack of plaintiff's capacity to bring its lawsuit.

The order for coffee was placed with plaintiff's Wichita, Kansas office and was picked up by defendant, Richard Compton, at a public warehouse in Memphis, Tennessee. Defendant Compton maintains that he was authorized by defendants, Clyde and Doris Wilson, to pick up the coffee, which had been ordered by the Wilsons. He claims that the Wilsons were liable for the debt. Defendants, Clyde and Doris Wilson, each claimed no knowledge of this business transaction.

KMS filed its "Petition on Account" and averred its Kansas corporation status. The Wilsons denied all allegations except admitted they were residents of Morgan County, Missouri. Defendant Compton plead a lack of knowledge to admit or deny the plaintiff's corporate status and, therefore, denied the allegation of the plaintiff's corporate status. Although both defendants denied plaintiff's corporate status, neither plead a special negative averment denying plaintiff's capacity to sue.

At trial, plaintiff's witness testified that KMS was a Kansas corporation. Following the direct examination of plaintiff's first witness, both of the attorneys for defendants moved to dismiss plaintiff's cause of action on the grounds that plaintiff failed to prove its corporate existence. Defense counsel also argued that the corporation did not have authority to do business in the state of Missouri because it was a foreign corporation and did not prove it had a certificate of authority to conduct business in this state.[1] The trial court dismissed plaintiff's cause of action against both defendants on the grounds that: (1) KMS did not prove its corporate existence and, therefore, did not have capacity to sue; and (2) KMS did not prove that it was authorized to do business in the state of Missouri, and therefore, could not maintain a lawsuit in the state of Missouri without having registered to do business in Missouri.

Plaintiff maintains the trial court erred by dismissing the case because plaintiff had averred the ultimate fact of its corporate existence and defendants did not contest the issue by pleading the special negative averment as required by Rule 55.13. Plaintiff further argues that it was engaged in interstate commerce and was not required to have a certificate to do business in this state and that the burden of proof did not rest with plaintiff. The Wilsons counter that their denial was sufficient to raise the issue of plaintiff's corporate status and authority to do business in this state and, therefore, the burden of proving these issues was placed on plaintiff.

The Wilsons direct us to Rule 41.01(b) arguing that it excepts Rule 55 from associate circuit judge practice unless specified otherwise by court order. Plaintiff responds that Rule 4.2, a local court rule of the 26th Judicial Circuit, specifies that Rule 55 is applicable to associate circuit judge matters.[2] Our issue is whether, under these facts, Rule 41.01(b) controls the decision in the case.

Rule 55.13 directs the pleader to set forth its special negative averment. This rule has been interpreted to require a defendant that wishes to challenge plaintiff's corporate existence to plead more than a mere denial. *Kayser Roth Co. v. Holmes*, 693 S.W.2d 907, 909 (Mo.App.

---

1. The motions and the court's ruling were premature since plaintiff had not completed its evidence. Because the case is decided on other grounds, this point will not be pursued except to caution counsel and the court against ruling before an issue is ripe for decision.

2. The decision in this case does not rest on whether Local Rule 4.2 is legally sufficient to make Rule 55 applicable to the pleading practice before the associate circuit division.

1985). An allegation that the pleader lacks knowledge, information, or belief to either admit or deny plaintiff's corporate existence is also not sufficient. *See Petry Roofing Supply, Inc. v. Sutton,* 839 S.W.2d 337 (Mo.App.1992). A complete discussion of the pleading requirements necessary to challenge a plaintiff's corporate status may be found in *Berkel & Co. Contractors, Inc. v. JEM Dev. Corp.,* 740 S.W.2d 683 (Mo.App.1987).

■ The record here reflects that one defendant simply denied the allegation of plaintiff's petition and the other defendant stated he did not have sufficient evidence to form a belief as to the truth of the allegations. Under the authorities reviewed, neither answer was sufficient to raise the issue of plaintiff's corporate capacity to bring its lawsuit.

■ This brings us to the primary issue in the case; whether Rule 55.13 is applicable to the practice and procedures before the associate circuit division. This case originated before the associate circuit judge in Morgan County and was heard by the judge in her capacity as an associate circuit judge. If Rule 55 is applicable, the order of dismissal was in error and the case must be remanded. We conclude that the trial court erroneously dismissed plaintiff's case.

It is defendants' position that Rule 41.-01(b) specifically excepts the pleading practice of Rule 55 from civil actions before an associate circuit judge. The rule in relevant part states:

Civil actions originating before an associate circuit ... but which are pending in the Supreme Court, Court of Appeals, or before a circuit judge, ... shall be governed by Rules 41 through 101, *except that Rule 55 shall not apply* unless the court orders the application of Rule 55....

Rule 41.01(b) (emphasis added).

Rule 41.01(b)[3] was adopted by the Supreme Court in basically its present form to be effective September 1, 1972, but, at that time, made reference to "magistrate courts" instead of associate circuit judges. The 1972 Committee Note to Rule 41.01(b) described the new paragraph to mean that all procedural rules applied except Rule 55 to "cases originating in the magistrate court ... but which are pending in the circuit court regardless of how the case reached that court." Also, important to our determination, is Rule 41.01(f). This subparagraph was first adopted effective March 1, 1980, and made applicable Rules 74, 76, 77, 85, 90, 91, 92, 95, and 99 to civil actions pending before, or heard by, an associate judge. Effective August 1, 1987, subparagraph (f) took its present form. Rule 41.01(f) states: "Civil actions pending in the associate circuit division shall be governed by Rules 41 through 101 except where otherwise provided by law."[4] The obvious difference between subparagraphs (b) and (f) is that the latter does not specifically exclude Rule 55 from practice in the associate circuit judge division.

The application of Rule 41.01(b) to these facts is aided by the analysis in *Rahman v. Matador Villa Assoc.,* 821 S.W.2d 102 (Mo. banc 1991). Judgment had previously been entered for rent and possession against the plaintiff who had not filed an answer or plead a counterclaim. The plaintiff then sued the landlord for personal injuries and the issue was whether Rahman was obligated to file a counterclaim to the rent and possession action. The court answered in the negative and discussed the effect of Rule 41.01 on pleading practice in the associate circuit division. *Id.* at 103. In discussing the application of Rule 41.01(b), the

---

3. Rule 41.01 has been amended effective January 1, 1994. Proceedings before associate circuit judges are no longer set forth in subparagraph (b). Subparagraph (d) addresses actions pending before the associate circuit division.

4. The phrase, "otherwise provided by law" is an expression of the Missouri Supreme Court's deference to legislative enactments establishing specialized procedures for actions before associate circuit judges. *Exchange National Bank v. Wolken,* 819 S.W.2d 45, 48 (Mo. banc 1991). One example of the specialized procedures is found in Chapter 535, rent and possession suits, which originate before an associate circuit judge. *Rahman,* 821 S.W.2d at 103.

court mentioned a series of cases from the court of appeals, one of which was *Lankheit v. Estate of Scherer*, 811 S.W.2d 853 (Mo.App.1991). *Lankheit* was an appeal to the Southern District which dealt with an associate circuit judge case which had been consolidated with a probate matter. In *Lankheit*, the Supreme Court concluded that the associate judge could have relied properly on Rule 41.01(f) instead of Rule 41.01(b). The Supreme Court determined that Rule 41.01(b) did not apply to civil actions when the pleadings were made up at a time when the case was pending before an associate circuit judge and not while the case was pending before a circuit judge, court of appeals or the Supreme Court. *Rahman*, 821 S.W.2d at 103–04. In those cases where the pleadings are made up at a point in time when the case is before an associate circuit judge and while not pending before a circuit judge, court of appeals, or the Supreme Court, Rule 41.-01(f) governs. *Id.*

Rule 41.01(f) includes Rule 55 by its inclusive term "shall be governed by Rules 41 through 101." The changes in Rule 41.01 and the 1981 Committee Note to the rule are useful in determining whether the pleading practice of Rule 55 is applicable to this situation. The first version of subparagraph (f) applied specific civil procedural rules but did not specify Rule 55. The Committee Note [5] following the first version cautions that the Rule 55 applies only to cases pending before an associate circuit judge sitting as a circuit judge and it is not to be applied to civil actions pending before a judge sitting in the associate circuit division. The present form of subparagraph (f) dropped the specific listing of the rules and applied Rules 41 through 101. Rule 55 pleading requirements were obviously now included before the associate circuit division. This interpretation is manifest by the Committee Note amendment [6] which deleted the specific caution that Rule 55 should not apply to civil actions pending before a judge sitting in the associate circuit division. The inference is clear that the intent of subparagraph (f) is to make Rule 55 applicable to cases pending and heard in the associate circuit division.

Rule 41.01(f) is comparable to § 517.021; *see* Mo.R.Civ.P. 41.01 Committee Note, 1981 and defers to statutes which have specific procedures such as found in Chapter 535, *Rahman*, 821 S.W.2d at 103. Section 517.021, RSMo 1986 applies the rules of civil procedure to cases before associate circuit judges, except where otherwise provided by law. Again, we observe the Committee Note, in straightforward language, declares that Rule 41.01 does not affect the provisions of Chapter 517. We conclude Rule 41.01(f) causes Rule 55 to be applicable to cases pending and heard by an associate circuit judge. Is the rule harmonious with Chapter 517?

Section 517.011, RSMo 1986 instructs that the provisions of Chapter 517 will apply to the practice and procedures before associate circuit judges in civil cases for the recovery of money where the sum demanded does not exceed $15,000.

Section 517.031.2, RSMo Supp.1988 discusses affirmative defenses and is necessary to our analysis. It provides that:

> Affirmative defenses, counterclaims and cross claims shall be filed in writing not later than the return date and time of the summons unless leave to file the same at a later date is granted by the court. No other responsive pleading need be filed. If no responsive pleading is filed, the statements made in the petition, affirmative defenses, counterclaims or cross claims shall be considered denied, except as provided in § 517.132.

A plain reading of this section requires that if the defendant intends to rely on an affirmative defense, the defense must be plead in order to notify the plaintiff, even though the rule does not require a defendant to file an affirmative defense (or counterclaim). If an affirmative defense (or counterclaim) is to be pursued, it must be plead.

*Pemiscot County Memorial Hospital v. Bell*, 770 S.W.2d 499 (Mo.App.1989) decided

---

**5.** Found at *Missouri Rules of Court* 188 (12th ed. 1981).

**6.** Found at *Missouri Rules of Court Supplement* 13 (18th ed. 1987).

by our Southern District dealt with the identical legal point we are considering here; whether the defendant was required to plead a "specific negative averment" as required under Rule 55.13 to deny the plaintiff's corporate existence in a matter pending before the associate circuit division. In *Pemiscot County Memorial Hospital,* as in our case, the defendants merely denied the plaintiff's corporate existence. The court concluded that no provision of Chapter 517 excuses the defendant's compliance with the specific negative averment requirement of Rule 55.13. The court held that a defendant in such a proceeding wishing to assert the plaintiff's lack of capacity to sue must do so by pleading or motion. *Id.* at 502.

The cases interpreting this rule and Chapter 517, as well as the history of the Rule 41.01, make it clear that Rule 41.01(b) does not apply to cases heard in the associate circuit division, but only to those cases transferred to the circuit court, no matter how they were lodged in the circuit court. The provisions of Rule 41.01(f) and § 517.031.2 govern this situation.

One final matter must be considered. Defendants cite us to *Gardner v. Blahnik,* 832 S.W.2d 919 (Mo.App.1992) as authority that Rule 41.01(b) applies to these facts. The same ruling in *Gardner* is found in *Hall v. Superior Chemical & Fertilizer, Inc.,* 819 S.W.2d 422 (Mo.App.1991). Both of these cases were decided by the Western District and ruled that the defendants did not waive their right to contest certain issues by failing to plead an affirmative defense. Both cases applied Rule 41.01(b) to exclude Rule 55 from the practice before the associate circuit judge. We are unable to determine from our reading of the cases if the pleadings were made up before the associate circuit judges and were pending before them as associate circuit division cases or whether some other factual situation existed. Whether the cases were "pending ... before a circuit judge" or the judges were acting as associate circuit judges may determine any possible conflict

between these cases and our decision. *See Manor Square, Inc. v. Heartthrob of Kansas City, Inc., et al.,* 854 S.W.2d 38, 42 n. 3 (Mo.App.1993). Nevertheless, both cases held that the failure of the defendants to plead an affirmative defense was not waived. To the extent that *Gardner* and *Hall* may be interpreted as applying Rule 41.01(b) to pleadings which are made up before an associate circuit judge and which are pending before the associate circuit division, the holdings should not be followed.

For their next point, defendants complain that plaintiff, a foreign corporation, failed to prove that it was authorized to do business in the state of Missouri. Section 351.570.1, RSMo 1986 [7] provides that a foreign corporation must obtain a certificate of authority from the secretary of state to transact business in this state. The court dismissed plaintiff's cause of action pursuant to § 351.635, RSMo 1986,[8] which forbids a foreign corporation from maintaining a proceeding in any court of the state without obtaining a certificate.

The testimony was that the order was placed with plaintiff's Kansas office and it was picked up at a warehouse in Tennessee. The first question is a procedural one and is decisive. We do not reach the question of whether plaintiff's business dealings were in interstate commerce, which would exempt KMS from the dictates of § 351.574.

Our courts have placed the burden on the defendant if the plaintiff is to be penalized for failure to obtain the certificate of authority. *Newspaper Publishers, Inc. v. St. Charles Journal, Inc.,* 406 S.W.2d 801, 803 (Mo.App.1966). The burden is on the defendant to establish that the plaintiff was unlawfully doing business within the state and was not entitled to maintain its action. *Id.* KMS was entitled to the presumption that it was in compliance with the law. The trial court erroneously placed the burden of proof on plaintiff.

**7.** Now found at § 351.572, RSMo Supp.1990 and § 351.574, RSMo Supp.1990.

**8.** Now found at § 351.574, RSMo Supp.1990.

The judgment of the trial court is reversed and the case is remanded to the trial court for further proceedings.

All concur.