487 A.2d 23

**Francis J. WOELFEL and Jean G. Woelfel, his wife, Appellants,**

**v.**

**MURPHY FORD COMPANY, Ford Motor Company,**

**and**

**Uniroyal, Inc., Appellee,**

**and**

**Goodyear Tire and Rubber Company.**

Superior Court of Pennsylvania.

Argued Sept. 5, 1984.

Filed Jan. 4, 1985.

434

Edward L. Wolf, Philadelphia, for appellants.

Christopher K. Walters, Philadelphia, for appellees.

Before CIRILLO, OLSZEWSKI and MONTGOMERY, JJ.

MONTGOMERY, Judge:

This appeal arises from the lower court's order granting a motion filed by the Defendant-Appellee Uniroyal, Inc. for a compulsory non-suit against the Plaintiff-Appellants, Mr. and Mrs. Francis J. Woelfel. The Appellants assert on this appeal that the lower court erred in entering a compulsory non-suit. We cannot agree.

The record shows that this action was instituted to recover damages for personal injuries suffered by Mr. Woelfel when a tire blowout caused the car he was operating to crash. This accident occurred on September 29, 1978, as

the Appellant husband drove his automobile at approximately 35 to 40 miles per hour on an "S" curved ramp leading from the Schuylkill Expressway in Philadelphia.[1] The tire which suffered the blowout had been on the automobile since it was furnished to the Plaintiff by his employer as a new vehicle in June, 1977. The tire in issue was on a rear wheel of the vehicle until on or about September 11, 1978, when it and the other three similar original equipment tires were inspected at an automobile service facility. The serviceperson who performed this inspection pronounced the condition of the tire in question as satisfactory, but recommended the replacement of the two front tires with new tires. The new tires were put on the rear of the vehicle, and the two rear original equipment tires, including the one in issue in this case, were placed on the front of the car. At the time this took place, the serviceperson estimated that the two original tires which were retained had an expected useful life of eight to ten thousand miles. Mr. Woelfel drove his vehicle another 1220 miles after the inspection of tire rotation, without any problem, before he suffered his accident. At the time of the accident, it was established that the vehicle's odometer showed that it had traveled 36,820 miles.

The vehicle was disposed of as scrap after the accident, so that the tire in issue was unavailable for inspection to determine the cause of the blowout. Witnesses indicated there were skid marks on the road at the site of the accident, but no holes in the road, other impediments or obstacles or curbs which appeared to have been causes of the tire blowout.

Based upon these facts, we find no error in the lower court's conclusions that there was insufficient evidence to submit this case to the jury on the issue of Uniroyal's

1. In this review, we give the Plaintiff-Appellants the benefit of every inference of fact arising from the evidence and resolve all conflicts or doubts in favor of the Appellants. *West Penn Power Co. v. Bethlehem Steel Corp.,* 236 Pa.Super. 413, 348 A.2d 144 (1975).

liability to the Appellants.[2] The Appellants' sole theory of recovery against Uniroyal is that the tire in question was manufactured defectively. The only evidence which the Appellants presented to suggest such a possibility was the mere happening of the accident. There was no evidence whatsoever presented to suggest what specific defect may have existed, and how, if it did exist, it only caused a blowout after the tire was used for almost 37,000 miles without any problem. Moreover, one cannot ignore the satisfactory inspection of the tire by Appellants' own chosen serviceperson approximately two and one-half weeks before the accident, and its use for over 1200 miles thereafter until the accident occurred. There is no evidence to exclude possible causes of the tire failure other than a manufacturing defect, such as a nail or other sharp object, or possible other road hazards or debris.

The evidence of both the prolonged trouble-free use of the tire, and the satisfactory inspection conducted prior to the accident, would have made it unreasonable and erroneous to have allowed the jury to consider whether the Appellee should be found liable for a manufacturing defect in this case. In other cases such an inference has allowed a plaintiff to submit the claim to the jury because of the short time the tire or other equipment in issue was in use by the plaintiff before the accident occurred. See *McCann v. Atlas Supply Co.*, 325 F.Supp. 701 (W.D.Pa.1971) (less than 2000 miles on new tire when it blew out); *MacDougall v. Ford Motor Company*, 214 Pa.Super. 384, 257 A.2d 676 (1969) (steering assembly failure after only 143 miles of use). Such an inference is not presented by the evidence offered in this case. If a trial was permitted upon the evidence presented here, our courts could expect a suit against a manufacturer every time a flat tire or blowout occurred on any vehicle in our Commonwealth, except when a road hazard cause was very apparent. Thus, we conclude

2. The Appellants' claims against Defendants Murphy Ford Company and Ford Motor Company and against Additional Defendant Goodyear Tire and Rubber Company were concluded by a settlement prior to trial.

that the lower court did not err in granting the motion for compulsory nonsuit in this case.

Affirmed.