## Kunkel v. Admiral Appliance Division of Rockwell International Corp.

*David C. Miller,* for plaintiffs.
*Thomas E. Wood,* for defendants.

BAYLEY, *J.,* August 29, 1985—This is a product-liability case demanding damages as a result of a fire in a refrigerator allegedly caused by a defect at the time of manufacture.

Suit was commenced by a writ of summons on January 21, 1980. The Cumberland County Sheriff filed a return of service stating that the writ of summons was served on Admiral Appliance Division of Rockwell International Corp., and Admiral Appliance Division of Magic Chef, on November 28, 1980, by receipt of the writ by Lewis Dickerson. On August 28, 1981, John Paul Kershner, Esq., entered an appearance by praecipe on behalf of both Admiral Appliance Division of Rockwell International Corporation and Admiral Appliance Division of Magic Chef. Counsel filed preliminary objections but did not attack in personam jurisdiction. On July 19, 1982, Joel D. Smith, Esq., entered his appearance for both Admiral Appliance Division of Rockwell International Corporation and Admiral Appliance Division of Magic Chef. On July 20, 1982, attorney Kershner withdrew his appearance for both defendants.

On January 7, 1985, Thomas E. Wood, Esq., entered his appearance for Admiral Appliance Division of Rockwell International Corporation and attorney Smith withdrew his appearance for this defendant the next day. Smith still represents Admiral Appliance Division of Magic Chef.

Admiral Appliance Division of Rockwell International Corporation, with attorney Wood now representing it, has filed a motion for summary judgment, with a supporting affidavit, alleging that when the original writ of summons was served by the sheriff on Lewis Dickerson, he [Dickerson] was an employee of defendant Magic Chef, Inc., and not authorized to accept service of process on behalf of Rockwell International. Since the two-year statute of limitations at 42 Pa.C.S. §1035 has run, defendant Rockwell seeks relief on the basis that it has never been properly served and the action is therefore time-barred.

We may only enter a summary judgment where there is no genuine issue as to any material fact and a party is entitled to judgment as a matter of law. Vend-a-Matic, Inc. v. Frankford Trust Company, 296 Pa. Super. 492, 410 A.2d 364 (1982), Keating v. Zemel, 281 Pa. Super. 129, 421 A.2d 1181 (1980). Whether Lewis Dickerson had authority to accept service on behalf of Rockwell International or whether in fact, his acts were accepted by Rockwell International, is a factual dispute that we will not resolve on the basis of an affidavit of record.

When an attorney enters an appearance on the record his authority is presumed. Vandegrift v. Knights Road Industrial Park, Inc., 490 Pa. 430, 416 A.2d 1011 (1980). See Goodrich-Amram 2d §1012:1 and 1 Standard Pa. Practice §§545, 553. While Vandegrift suggests that this presumption may be rebutted there is insufficient evidence on

this record to do so. Two attorneys prior to Rockwell's current counsel have appeared of record and defended their client. Preliminary objections were filed and nowhere on the record has there been an attack on personal jurisdiction except by Rockwell's third attorney who did not enter an appearance until 1985. The defense of improper service is waived. Peterson v. Philadelphia Suburban Transportation Company, 435 Pa. 232, 255 A.2d 577 (1969), Drury v. Zingarelli, 198 Pa. Super. 5, 180 A.2d 104 (1962), Rummel, Klepper & Kahl v. Pacini, 31 Cumberland L.J. 159 (1981).

Rockwell International also seeks a summary judgment upon its claim that the pleadings, depositions and report of plaintiffs' expert, all of which are part of the record, do not establish a genuine issue as to whether any alleged defect in the refrigerator was present at the time of the alleged fire. In order to establish a product-liability case under §402(a) of the Restatement (Second) of Torts, it is necessary that plaintiff must prove that the product was "defective" at the time of its manufacture. See Webb v. Zern, 422 Pa. 424, 220 A.2d 853 (1966); Lenkiewicz v. Lange, 242 Pa. Super. 87, 363 A.2d 1172 (1976).

The report of plaintiffs' expert in this case states "in my opinion, the causation of this fire was a severe electrical arcing that occurred inside the icemaker door switch, arcing that resulted from an electrical breakdown of the insulating housing of the switch." The expert describes this occurrence as a "malfunctioning." Defendants' theory is that since the refrigerator was at least 17 years old at the time of the fire, plaintiffs' evidence could not support a finding that the product was defective at the time it was manufactured. In Lenkiewicz v. Lange, supra, the Superior Court noted:

"[I]t is not necessary that plaintiff prove with mathematical exactness that the accident could only have been caused in one manner to the exclusion of all other possibilities . . . but he must eliminate those other causes, if any, as were fairly suggested by the evidence . . . And it is the duty of the trial court to determine whether or not this requirement has been met in the first instance before the issue can be submitted to the jury. . . ." Cuthbert v. Philadelphia, 417 Pa. 610, 614-15, 209 A.2d 261, 263-64 (1965). (Citations omitted.)

In Clark v. General Motors Corporation, 430 F. Supp. 1124 (E.D., Pa. 1977), the district court noted:

"It is a matter for the fact-finder, i.e., whether it can be reasonably inferred from the evidence including expert testimony helpfully provided by the parties, the occurrence of a malfunction resulting from a defect and causing the incident from which damages ensured. Understandably, the inference must be reasonably drawn from the evidence and the circumstances surrounding the accident.

"Among other considerations is the period of time that the alleged offending article or vehicle was used and the extent of its use prior to its alleged malfunction. . . . This is not to suggest that extended use or lapse of time is the sole criteria to be used. Convincing proof of an original defect will overcome lapse of time or use. Absent such proof, continued use over an extended period of time may well prevent the inference to be reasonably drawn by the fact-finder that the article was defective when sold. The test to be applied is 'whether reasonable and well balanced minds would be satisfied from the evidence adduced that the defective condition existed when the machine was delivered.' " Greco v. Bucciconi Engineering Co., Inc., 407 F.2d

87, 90 (3d Cir. 1969); Dennis v. Ford Motor Company, 332 F. Supp. 901, 902 (W.D., Pa. 1971).

In Kuisis v. Baldwin-Lima-Hamilton Corp. 457 Pa. 321, 319 A.2d 914 (1974), the Pennsylvania Supreme Court recognized that age is a factor to be weighed by a fact-finder in determining whether or not a defect was present in the product when manufactured. It noted, however, that it generally "in itself is not enough, even when it has extended over a good many years, to defeat the recovery where there is satisfactory proof of an original defect; but when there is no definite evidence, and it is only a matter of inference from the fact that something broke or gave way, the continued use usually prevents the inference that the thing was more probably than not defective when sold."

As noted in Sochanski v. Sears, Roebuck & Co., 689 F. 2d 45 (3d Cir. 1982), the court of appeals stated:

"Evidence of a malfunction, then, is not a substitute for the need to establish that the product was defective. A malfunction is evidence that a defect existed and eliminates only the need to identify a specific failure. '[M]alfunction may itself, in the absence of abnormal use and reasonable secondary causes, be sufficient *evidence* of a defect to make the existence of a defect a jury question.' " Knight v. Otis Elevator Co., 596 F.2d 84, 89 (3d Cir. 1979). (Emphasis supplied.) Thus, even when a case is tried under a malfunction theory, recovery rests on a finding that a defect did exist.

In Stein v. General Motors Corporation, 56 D. & C. 2d 193 (1972), aff'd at 222 Pa. Super. 751, 295 A.2d 111 (1972), the court noted that the older a product is, the decreasing likelihood is that any malfunction was caused by an original defect. "In such a case, when strict liability is relied upon under §402(a)

there is certainly need for expert testimony to pin down the alleged original sin." See also Woelfel v. Murphy Ford Co., 337 Pa. Super. 433, 487 A.2d 23 (1985).

In examining the expert's report in this case, we are not satisfied that any issue as to whether the refrigerator was defective at the time it was manufactured, can be determined as a matter of law by summary judgment. The expert states that the fire was caused by an electrical breakdown of the insulating housing of the switch. The development of the testimony at trial, as to whether or not such an alleged defect can be related to the manner in which the product was manufactured, should be left for the jury. At this point it would be premature to dismiss plaintiffs' case.

## ORDER OF COURT

And now, this August 29, 1985, defendant Admiral Appliance Division of Rockwell International Corporation's motion for summary judgment, is denied.