618 F.Supp. 314 (1985)
William Q. GLASS, Plaintiff,
v.
ALLIS-CHALMERS CORPORATION, Defendant.
No. S84-52C (D).
United States District Court, E.D. Missouri, Southeastern Division.
September 19, 1985.
*315 Kenneth L. Dement, Jr., Dement, Barkett & Dement, Sikeston, Mo., for plaintiff.
John L. Oliver, Jr., Oliver, Oliver, Waltz & Cook, Cape Girardeau, Mo., for defendant.

MEMORANDUM
WANGELIN, District Judge.
This matter is before the Court on defendant's motion for summary judgment pursuant to Rule 56 Fed.R.Civ.P. Both parties have submitted memoranda and affidavits asserting their positions with respect to defendant's motion.

FACTUAL BACKGROUND
Plaintiff brought this action alleging physical injuries which were the result of plaintiff falling from his combine while attempting to put out a fire of unknown origin. Plaintiff contends that (1) combines of this make and model have a propensity to catch fire; (2) the safety stripping which was on the deck of the combine when defendant manufactured the combine was likely to wear away or lose its adhesion; and (3) there were no warnings on or about the combine to give notice to the consumer of the defects articulated in (1) and (2) above.
Defendant manufactured the combine which plaintiff alleges is defective. Defendant asserts that the combine was not in the same condition at the time of plaintiff's injury, as when it was placed in the stream of commerce. Defendant further contends that the combine was not defective when it was placed in the stream of commerce.
Missouri has adopted the Restatement of Torts 2d, § 402A. Weatherford v. H.K. Porter, Inc., 560 S.W.2d 31 (Mo.App. 1977). In Weatherford the Court concluded that in order to make a submissible case, plaintiff must prove both a defect and that the product is expected to and does reach the user or consumer without substantial change in the condition in which it *316 is sold. Weatherford, supra at 35. The language of M.A.F. Instruction No. 25.04 makes it necessary that plaintiff prove that the defect existed at the time the product left the hand of defendant.
Plaintiff has claimed two defects: (1) the lack of safety non-skid stripping on the deck of the combine; and (2) the propensity of this make and model to catch fire. Thus, according to the long standing principles of law cited above, plaintiff must establish that the lack of non-skid stripping was a defect at the time plaintiff placed their combine in the stream of commerce. Defendant, however, has produced affidavits that when defendant sold the combine to the local dealer, four strips of non-skid stripping called "safety walk" were in place on the deck of the combine. The uncontroverted evidence clearly indicates that the defect complained of was not present at the time defendant placed the combine in the stream of commerce.
Plaintiff next contends that the defect was not that the "safety walk" was missing but rather that the "safety walk" was likely to "wear away, or lose its adhesion." This contention is simply not a sound legal theory for recovery.
Comment G to the Restatement of Torts 2d § 402A states:
The seller is not liable when he delivers the product in a safe condition, and subsequent mishandling or other cause make it harmful by the time it is consumed.
It is clear that as time goes by and a product is used, it or its parts may simply wear out. To hold a manufacturer or seller liable for unavoidable accidents or ordinary wear and tear would be to place the manufacturer or seller in the place of an insurer. This concept has been rejected as the law of Missouri in the Armco Steel cases.
In St. Louis-San Francisco R.R. Co. v. Armco Steel, a train derailment occurred because a wheel did not function properly. The Court specifically noted, "railroad wheels do not last forever." St. Louis-San Francisco R.R. Co. v. Armco Steel, 359 F.Supp. 760 (1973), Aff'd. 490 F.2d 367, 370 (8th Cir.1974). In doing so, the Court reaffirmed the concept that a manufacturer is not responsible just because his product is involved in an accident.
Plaintiff's position is weakened further by the fact that he purchased the combine used. It had been used for four years prior to plaintiff's taking possession. Plaintiff further provides no evidence as to what happened to the "safety walk". It may have worn out, in which case Missouri law provides no remedy. The "safety walk" may have been removed by a previous owner, in which case defendant certainly is insulated from liability.
Plaintiff's second contention is that combines such as these have a propensity to catch on fire. Plaintiff's support for this contention rests in the affidavit of Mr. Cohen who is a combine repairman. Mr. Cohen states that he has worked on combines of this sort and that some of them have caught fire for a variety of reasons. Plaintiff's assertion and supporting affidavit are not enough to impart liability on defendant. Plaintiff has not alleged any defect, only a conclusion that because of a defect these types of combines catch fire.
It is true that the existance of a defect may be inferred from circumstantial evidence with or without the aid of expert opinion evidence. Winters v. Sears, Roebuck and Co., 554 S.W.2d 565 (Mo.App. 1977). However, when plaintiff relies upon such proof, he does have the burden of establishing circumstances from which the facts necessary to prove his claim may be inferred, without resort to conjective and speculation, and the circumstances proved must point reasonably to the desired conclusion. Further, the facts inferred must tend to exclude any other reasonable conclusion. Hale v. Advance Abrasives Co., 520 S.W.2d 656, 658 (Mo.App.1975).
This case differs from Williams v. Ford Motor Co., 411 S.W.2d 443 (Mo.App.1966). In Williams the Court found that if a new automobile is properly operated but does not turn in the direction it is steered, then *317 the automobile is not properly manufactured. (Emphasis added). Id. at 448. See also Jacobson v. Broadway Motors, Inc., 430 S.W.2d 602 (Mo.App.1968) (jury could infer that a fire which started under the hood of a three-month-old car while the car was stopped in a parking lot was caused by a defect in material or workmanship).
In contrast to Williams and Jacobson, plaintiff's combine was four years old at the time plaintiff purchased it. No evidence has been provided as to its maintenance or service record. Thus, plaintiff's evidence does not rule out the most reasonable explanation for the fire, namely that during four years of use either the combine was not properly maintained or again that certain parts simply wore out.
Once the plaintiff in a case of strict liability produces evidence that neither he nor any third-party has made alteration to the product which would create a defect that could be the proximate cause of the damages incurred, he has made a submissable case as to the issue of a defect at the time of sale or delivery of the product. Winters v. Sears, supra at 573. Here plaintiff has produced no such evidence with respect to either the non-skid strips or the propensity of combines to catch fire.
Since it has not been established that the combine was defective when defendant placed it in the stream of commerce, plaintiff's third contention that warnings should have been given is without merit.
The Eighth Circuit Court has determined that summary judgment is appropriately approached simultaneously from two different directions, either of which provides a proper basis for the granting of summary judgment. First, the burden is upon defendant to show there is no genuine basis as to any material fact. However, when the defendant comes forward with affidavits, as in this case, the plaintiff then has the burden to demonstrate specific facts showing there is a genuine issue for trial. Lyons v. Board of Education, 523 F.2d 340 (8th Cir.1975). The second approach is to examine whether, under the circumstances, a directed verdict, under the same evidentiary facts, would be required. Hurd v. Sheffield Steel Corp., 181 F.2d 269 (8th Cir.1950).
Plaintiff here has not produced specific facts showing a genuine issue for trial, and, based upon evidence produced by plaintiff, defendant as matter of law would be entitled to a directed verdict because plaintiff has not presented a submissible case as to the existence of any defect in the combine when defendant placed it in the stream of commerce.
Accordingly, appropriate Orders and Judgment will be entered in accordance with this Memorandum.