**William Q. GLASS, Appellant,**

v.

**ALLIS–CHALMERS CORPORATION, a corporation, Appellee.**

No. 85–2227.

United States Court of Appeals, Eighth Circuit.

Submitted April 18, 1986.

Decided April 24, 1986.

Kenneth L. DeMent, Jr., Sikeston, Mo., for appellant.

John L. Oliver, Jr., Cape Girardeau, Mo., for appellee.

Before ROSS, Circuit Judge, HENLEY, Senior Circuit Judge, and ARNOLD, Circuit Judge.

HENLEY, Senior Circuit Judge.

William Q. Glass appeals from a summary judgment entered by the district court[1] in favor of Allis-Chalmers Corporation, 618 F.Supp. 314. For reversal Glass argues that genuine issues existed as to material facts and the court erred in granting Allis-Chalmers' motion for summary judgment. We affirm.

On June 18, 1981 Glass bought a used 1977 model M2 Allis-Chalmers combine from Bootheel Tractor Corporation. On June 23, 1981 a fire developed in the engine area of the combine while it was in use. Glass, while carrying a cooler full of water across a metal deck between the engine and fuel tank in an effort to reach the fire and extinguish it, slipped and fell, injuring his back.

Glass filed a products liability action against Allis-Chalmers under a strict liability tort theory alleging that the combine was defective and unreasonably dangerous because that particular make and model of combine had a propensity to catch fire, was equipped with a smooth and slippery deck between the engine and fuel tank, and was not equipped with warnings about those conditions. After discovery, Allis-Chalmers moved for summary judgment. In support of its motion, Allis-Chalmers presented affidavits, admissions, and answers to interrogatories which showed the following: (1) that every Allis-Chalmers combine, and this combine in particular, is equipped with four strips of non-skid surface called "Safety Walk" on the deck between the engine and the fuel tank; (2) that evidence existed on this combine indicating that the strips had been removed; and (3) that no one knows the exact cause of the fire.

Glass responded to Allis-Chalmers' motion by amending his complaint. Rather than alleging that the combine was equipped with a smooth and slippery deck, Glass then alleged that the deck was equipped with safety strips that were likely to lose adhesion or wear away. Glass' complaint was the same in all other respects. He also submitted an affidavit from one of Bootheel Tractor's mechanics stating that he had worked on numerous combines which had caught fire for various reasons.

Allis-Chalmers answered the amended complaint and renewed its motion for summary judgment. The renewed motion was further supported by the deposition of Glass, which showed, among other things, that the engine on the combine had been completely rebuilt before he purchased it. Glass did not respond to the renewed motion, and the court entered a summary judgment for Allis-Chalmers on September 19, 1985.

■ In a well-reasoned memorandum the court noted that Missouri had, in *Weatherford v. H.K. Porter, Inc.*, 560 S.W.2d 31 (Mo.App.1977), adopted Restatement (Second) of Torts § 402A in products liability cases. Appellant therefore needed to prove the existence of the claimed defects and prove that the product was expected to and did reach the user or consumer without substantial change in the condition in which it was sold. *Weatherford*, 560 S.W.2d 33–34.

Summary judgment will be granted if "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R. Civ.P. 56(c). "In making this determination all permissible inferences which may be drawn from the facts presented 'must be viewed in the light most favorable to the party opposing the motion.'" *Hughes v. American Jawa, Ltd.*, 529 F.2d 21, 23 (8th Cir.1976) (quoting *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962)).

1. The Honorable H. Kenneth Wangelin, United States Senior District Judge, Eastern and Western Districts of Missouri.

Even if Glass is given the benefit of all permissible inferences and the facts are viewed in a light most favorable to him, he cannot recover under Missouri law. The affidavits and depositions introduced by Allis-Chalmers showed that the safety strips were present when the combine left the factory and were removed later, and that the engine on the combine had been completely rebuilt subsequent to leaving the hands of Allis-Chalmers. Glass did not produce any evidence that put these facts in issue. Instead, he relied on his complaint and an affidavit by a mechanic stating that he had worked on several combines that had caught on fire for various reasons. Glass' response was inadequate under Fed.R.Civ.P. 56(e). The uncontroverted facts therefore show that in the case of each of the alleged defects, the combine was substantially changed after leaving the hands of Allis-Chalmers and before being purchased by Glass. The conditions existing on Glass' combine cannot be traced back to defects caused by Allis-Chalmers.

In addition, the district court noted that a manufacturer cannot be held liable because a product simply wears out over time. *See* Restatement (Second) of Torts § 402A comment g (1966); *St. Louis-San Francisco Railway v. Armco Steel Corp.*, 490 F.2d 367, 370 (8th Cir.) (court refused to hold that manufacturer is an insurer because to do so would be to go beyond the doctrine of strict liability), *cert. denied*, 417 U.S. 969, 94 S.Ct. 3173, 41 L.Ed.2d 1140 (1974); *Baker v. International Harvester Co.*, 660 S.W.2d 21, 23 (Mo.App.1983) ("manufacturer does not have a duty to design an accident proof product"). Glass' bare allegation that the safety strips were likely to wear away or lose adhesion is at best a questionable legal theory and is not supported by any facts.

The district court further noted that while it is true that Glass could prove the existence of the engine defect through circumstantial evidence, *see Winters v. Sears, Roebuck & Co.*, 554 S.W.2d 565, 569 (Mo. App.1977), the affidavit of the mechanic was insufficient for that purpose. The affidavit merely indicates that combines in general, and not necessarily this particular make and model, catch on fire for various reasons. No defect in this particular make and model of combine can be inferred from such evidence.

Viewing the uncontroverted facts in a light most favorable to Glass, we find that recovery is not possible. Therefore the decision of the district court granting summary judgment in favor of Allis-Chalmers is affirmed.