■ MICHAEL LOMBARD et al., Respondents, v CENTRICO, INC., Appellant.—Weiss, J. Appeal from an order of the Supreme Court (Travers, J.), entered March 23, 1989 in Rensselaer County, which denied defendant's motion for summary judgment dismissing the complaint.

Plaintiff Michael Lombard (hereinafter plaintiff) sustained injuries while attempting to remove the hood on a Westfalia Milk Separator machine marketed by defendant. The complaint sets forth causes of action in negligence, breach of warranty and strict products liability alleging improper or defective product design and manufacture, and failure to properly warn of dangers associated with the operation of the machine.* Supreme Court denied defendant's motion for summary judgment, finding that triable issues of fact were raised by conflicting testimony in the depositions of the parties concerning the removal of a braking device, propriety of the manner of disassembly of the machine and whether plaintiff was properly instructed on the disassembly process.

On this appeal, defendant asserts that the only issues of fact which may possibly exist pertain not to duties and obligations on its part, but rather to those owed plaintiff by his employer. Defendant urges it was the employer's responsibility to provide operating instructions to plaintiff and that the employer had modified the machine by removal of the brake mecha-

---

* Plaintiff's wife has alleged a derivative cause of action for loss of consortium.

nism. Defendant points to plaintiff's deposition testimony that he was given operating and disassembly instructions by other employees, that he knew the brake mechanism had been removed, that warnings were affixed to the machine, that he had requested a copy of the operating instructions but the employer failed to give them to him, and that he began the disassembly while the bowl was still rotating even though he knew it was dangerous and that he should not have done so. Thus, defendant urges it was error for Supreme Court to have found that any remaining questions of fact pertained to defendant. We agree.

Initially, we find that plaintiff has failed to allege facts or offer proof to negate defendant's showing that the milk separator was built to specifications and conformed to the contemplated design, in the absence of which there can be no claim for manufacturing defects. Plaintiff also contends that defendant breached its duty to warn of a danger in the product known to defendant including those associated with reasonably foreseeable misuse (see, McLaughlin v Mine Safety Appliances Co., 11 NY2d 62). However, the duty to warn does not arise when the injured party is already aware of the specific hazard (Lancaster Silo & Block Co. v Northern Propane Gas Co., 75 AD2d 55, 65; see, Etu v Cumberland Farms, 148 AD2d 821, 824). Here, plaintiff has acknowledged his awareness of the hazard which resulted in his injury. Moreover, affixed to the machine were warnings including an admonition that a complete reading of the instruction manual was essential to safety. Another affixed warning pertaining to the brake was partially obscured. When sold by defendant, a metal warning plate was riveted to the machine warning against loosening any parts before the bowl had come to a complete stop. Plaintiff has failed to show that these warnings were inadequate.

Plaintiff's remaining theory of liability is based upon design defect. The proper standard to be applied should be "whether the product as designed was 'not reasonably safe'—that is, whether it is a product which, if the design defect were known at the time of manufacture, a reasonable person would conclude that the utility of the product did not outweigh the risk inherent in marketing a product designed in that manner" (Voss v Black & Decker Mfg. Co., 59 NY2d 102, 108). Plaintiff contends that the machine requires cleaning daily after use and that the indicators which showed the operator that it was no longer in motion and safe to dismantle for cleaning were insufficient. There were only two indicators that the bowl was

in motion. One was a tachometer which did not register motion once the revolutions per minute dropped below 3,000, the lowest reading on the tachometer. The other was an indicator nut installed at the end of the motor assembly containing a cross groove and rotated while the motor was in motion. Faced with defendant's prima facie showing in an engineer's affidavit and deposition that the milk separator was appropriately designed in light of safety standards and the state of the art at the time of manufacture and sale (see, *Winegrad v New York Univ. Med. Center,* 64 NY2d 851), plaintiff was required to lay bare affirmative proof in evidentiary form to demonstrate that his allegations are real and capable of being established upon trial (see, *Zuckerman v City of New York,* 49 NY2d 557). An analysis of the situation proffered in an attorney's affidavit is probatively valueless and should be disregarded (see, *Hasbrouck v City of Gloversville,* 102 AD2d 905, *affd* 63 NY2d 916) except to marshal and make reference to evidentiary proof which appears elsewhere in the record. Here, plaintiff has merely challenged the veracity of the deposition by defendant's engineer and speculates as to tachometers, indicator lights, interlocking devices and the state of the art when this milk separator was sold in 1961 (see, *Robinson v Reed-Prentice Div.,* 49 NY2d 471, 479, 481). Plaintiff has failed to effectively raise an issue of fact requiring resolution at trial (see, *Zuckerman v City of New York, supra; World Trade Knitting Mills v Lido Knitting Mills,* 154 AD2d 99) and, accordingly, summary judgment must be awarded to defendant.

Order reversed, on the law, with costs, motion granted, summary judgment awarded to defendant and complaint dismissed. Mahoney, P. J., Kane, Weiss, Levine and Mercure, JJ., concur.