**Eric MAGNUSON, a minor, by his Next Friend, Judy MABE, Appellant,**

v.

**KELSEY–HAYES COMPANY and Kelsey–Hayes Canada, Ltd., Respondents,**

v.

**CHRYSLER CORPORATION, Appellant.**

No. WD 45086.

Missouri Court of Appeals, Western District.

Oct. 27, 1992.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 22, 1992.

Application to Transfer Denied Jan. 26, 1993.

John C. Risjord, Risjord & James, Overland Park, Kan., for appellant.

Robert R. Raymond, Shughart Thomson & Kilroy, P.C., Kansas City, for respondents Kelsey–Hayes Co. and Kelsey–Hayes Canada, Ltd.

Thomas N. Sterchi, Baker & Sterchi, Kansas City, for appellant Chrysler Corp.

Before BRECKENRIDGE, P.J., and SHANGLER and HANNA, JJ.

BRECKENRIDGE, Judge.

Eric Magnuson, by his next friend, Judy Mabe, appeals from the grant of a new trial to defendants, Kelsey–Hayes Company and Kelsey–Hayes Canada, Ltd., on a finding by the trial court that it erred in dismissing Chrysler Motors Corporation before trial. Magnuson argues that by his action in voluntarily dismissing Chrysler, he has rendered the issue of the trial court's dismissal moot. He further argues that the trial court erred in granting a new trial to Kelsey–Hayes and Kelsey–Hayes Canada because they were not prejudiced by the dismissal of Chrysler and had no standing to complain about Chrysler's dismissal from the case. Chrysler joins in Magnuson's appeal, briefing both points presented by Magnuson and further challenging the trial court's grant of a new trial, claiming that Kelsey–Hayes and Kelsey–Hayes Canada waived any objection to the trial court's dismissal of Chrysler because they did not oppose Chrysler's motion to dismiss, file a cross-claim against Chrysler or file a motion to rejoin Chrysler as a party.

Kelsey–Hayes and Kelsey–Hayes Canada claim that the issue is not moot or, if it is found to be, that the trial court erred in denying their motions for judgment notwithstanding the verdict because Magnuson failed to make a submissible case. Kelsey–Hayes and Kelsey–Hayes Canada also contend that should this court overrule the trial court's order, the cause should be remanded for consideration of the issue of remittitur.

On September 23, 1987, four and one-half-year old Eric Magnuson was injured when he was struck by a wheel and tire which had broken loose from a passing Dodge pick-up truck. The wheel involved in the accident had been designed by Kelsey–Hayes and Chrysler. It was manufactured by Kelsey–Hayes Canada under the direction of Kelsey–Hayes which had established quality assurance standards and policies for the process. Eric Magnuson was struck in the head. He suffered a contrecoup brain injury and went into a coma. Upon waking he suffered temporarily from

bilateral cortical blindness, leaving him with residual visual perception defects. As a result of his injuries, Eric Magnuson suffers from permanent right side hemiparesis; retarded growth of his right leg, arm and hand; auditory impairment; aphasia; fine motor skills defects; poor balance; and diminished cognitive thinking, including a lower I.Q., defective abstract thinking, memory loss, poor concentration and emotional behavior problems. Expert testimony established that Eric Magnuson is unlikely to be employed in a competitive market. His projected lost earnings, reduced to present value, are in excess of $1,130,000.00.

On April 3, 1989, Eric Magnuson filed suit against Kelsey–Hayes, Chrysler and Raytown Dodge.[1] Chrysler filed a motion to dismiss pursuant to § 537.762, RSMo Supp.1987, which was denied by the trial court. Magnuson was given time to conduct discovery in an attempt to establish facts supporting a claim against Chrysler.

On November 3, 1989, Magnuson filed his first amended petition, adding Kelsey–Hayes Canada as a defendant. Chrysler renewed its motion to dismiss which was not opposed by Kelsey–Hayes or Kelsey–Hayes Canada. The trial court entered its order on August 22, 1990, granting Chrysler's motion to dismiss without prejudice.

Magnuson proceeded to trial against Kelsey–Hayes and Kelsey–Hayes Canada on theories of strict liability and negligence, claiming that the wheel was defectively manufactured and that defendants failed to warn. Magnuson abandoned his earlier claim of design failure, having conceded during discovery that he had no evidence to support a claim of design defect.

Dr. Robert Bohl, Eric Magnuson's expert metallurgist, testified that the steel forming the wheel had a defective microstructure and that had Kelsey–Hayes microscopically examined the microstructure of the steel, it could have detected the flaw. Dr. Bohl concluded that the design of the wheel was reasonable and that failure was

only apt to occur in the case of poor metallurgical structure. He testified that the defective microstructure was related to cooling the steel too slowly during the rolling of the steel. Dr. Bohl also expressed the opinion that the steel was improperly thinned during the manufacturing process.

The Kelsey–Hayes defendants did not object to Dr. Bohl's testimony that the steel was improperly thinned. The Kelsey–Hayes defendants cross-examined Dr. Bohl extensively on the thinning issue. At the close of Magnuson's evidence the defendants moved for mistrial on the grounds that Magnuson was pursuing a claim based on the design of the wheel and that Chrysler was substantially responsible for that design. The court denied the motion. Magnuson submitted the case to the jury on theories of manufacturing defect and failure to warn. The jury returned a $4,750,000.00 verdict against Kelsey–Hayes and Kelsey–Hayes Canada on claims of strict liability manufacturing defect, strict liability failure to warn and negligent manufacturing defect. The jury found for defendants Kelsey–Hayes and Kelsey–Hayes Canada on the claim of negligent failure to warn. The trial court entered judgment based on the jury's verdict on April 9, 1991.

On April 19, 1991, Kelsey–Hayes and Kelsey–Hayes Canada filed alternative post-trial motions for judgment notwithstanding the verdict (JNOV), new trial and remittitur. Following argument on these motions, the trial court granted the defendants' motions for new trial "for the reason that it was error for the Court to dismiss defendant Chrysler Motors Corporation." The trial court further ordered that its previous order, dismissing Chrysler, be set aside.

On July 19, 1991, Magnuson filed his notice of appeal in this court. Chrysler filed its notice of appeal on July 25, 1991. Kelsey–Hayes and Kelsey–Hayes Canada also filed a notice of appeal, attempting to

---

1. Raytown Dodge originally sold the vehicle to Charles Robert Wheelbarger, who in turn sold the vehicle to Justin Shearhart, the driver at the time of the accident. Raytown Dodge moved for dismissal, which was granted June 19, 1989.

appeal from the denial of their JNOV motions.[2]

On October 24, 1991, Eric Magnuson, pursuant to Rule 67.01, filed a voluntary dismissal of Chrysler from the case. On November 15, 1991, Magnuson and Chrysler filed a stipulation of dismissal. Kelsey–Hayes and Kelsey–Hayes Canada objected to the dismissal as inappropriate under Rule 67.01. This court reserved any ruling on motions pertaining to the dismissal until the submission of the case.

■ Eric Magnuson's dismissal of Chrysler under Rule 67.01 was proper and an order of this court dismissing Chrysler from the case is not required. Rule 67.01 provides, in pertinent part:

A civil action may be dismissed by the plaintiff without prejudice without order of court any time prior to the introduction of evidence at the trial. After the introduction of evidence is commenced, a plaintiff may dismiss his action without prejudice only by leave of court or by written consent of the adverse party.

In the instant case, Chrysler consented to the dismissal. Kelsey–Hayes and Kelsey–Hayes Canada argue that Rule 67.01 is available only if no evidence has been introduced and consent of the adverse party has first been obtained. This is not what the Rule requires, however, as Rule 67.01 is written in the disjunctive. A plaintiff may dismiss after the introduction of evidence "by leave of court *or* by written consent of the adverse party." Rule 67.01 (emphasis added). *See Reed v. Mirts,* 437 S.W.2d 719, 721 (Mo.App.1969).

The Kelsey–Hayes defendants further argue that their permission is necessary as they are adverse parties under the rule. They are not adverse parties under Rules 67.04 and 67.05 as to Chrysler, having not availed themselves of the opportunity to bring Chrysler into the case by third-party action or by a cross-claim. *See Camden v. St. Louis Public Serv. Co.,* 206 S.W.2d 699 (Mo.App.1947). Having obtained the consent of Chrysler, Magnuson's dismissal is

permitted by Rule 67.01. Rule 67.01 is made applicable to this court under Rule 41.01(a)(1) which provides that Rules 41 through 101 govern civil actions pending in the Court of Appeals.

■ The practical effect of Magnuson's dismissal of Chrysler is to render the trial court's order moot since it was specifically based upon the trial court's reasoning that "it was error for the Court to dismiss defendant Chrysler Motors Corporation." This is the only ground specified in the trial court's order. Where a trial court grants an order on a specific basis all of the other grounds asserted in the motion are deemed overruled. *Roux v. City of St. Louis,* 690 S.W.2d 448, 450 (Mo.App.1985). Whether or not the motion for new trial should have been sustained on any of the other grounds specified in the motion for new trial is not a matter under review because the Kelsey–Hayes defendants do not argue this point on appeal. *Id.*

■ Magnuson cannot be forced to maintain its suit against Chrysler at Kelsey–Hayes and Kelsey–Hayes Canada's behest. Magnuson has the right to pursue and collect from any tortfeasor of his choosing regardless of any right to contribution that the Kelsey–Hayes defendants may or may not have. *See Missouri Pac. R. Co. v. Whitehead & Kales Co.,* 566 S.W.2d 466 (Mo. banc. 1978). The court in *Whitehead & Kales,* after discussing relative fault among joint tortfeasors concluded that a "[p]laintiff continues free to sue one or more concurrent tortfeasors as he sees fit...." *Id.* at 474. A defendant may not object that plaintiff has not sued another tortfeasor or that the case against that tortfeasor has been dismissed. *Stith v. J.J. Newberry Co.,* 336 Mo. 467, 79 S.W.2d 447, 462 (1934).

The order of new trial, along with the reversal of the interlocutory order dismissing Chrysler, had the effect of reinstating Magnuson's claim against Chrysler, a claim that Magnuson does not wish to pursue.

---

**2.** This court dismissed the appeal of Kelsey–Hayes and Kelsey–Hayes Canada on October 7, 1991.

Magnuson's subsequent voluntary dismissal terminated its cause of action against Chrysler making it "as if the suit had never been filed." *Oney v. Pattison,* 747 S.W.2d 137, 139 (Mo. banc 1988). There is nothing left to be re-tried; Magnuson's claims against Kelsey–Hayes and Kelsey–Hayes Canada have already been adjudicated.

Kelsey–Hayes and Kelsey–Hayes Canada maintain that the order granting a new trial is not moot because "[a] cause of action is moot when the question presented for decision seeks a judgment upon some matter which, if judgment were rendered, would not have any practical effect upon any then existing controversy." *Kracman v. Ozark Elec. Co–Op., Inc.,* 816 S.W.2d 688, 690 (Mo.App.1991) (quoting *Bank of Washington v. McAulliffe,* 676 S.W.2d 483, 487 (Mo. banc 1984)). Kelsey–Hayes and Kelsey–Hayes Canada argue that the outcome of this appeal has a practical effect on the rights of the Kelsey–Hayes defendants.

Magnuson has already sued the Kelsey–Hayes defendants. The defendants cannot force Magnuson to sue Chrysler. The only existing controversies between the Kelsey–Hayes defendants and Magnuson are as to submissibility and remittitur. Any additional existing controversies would be between the Kelsey–Hayes defendants and Chrysler on the issues of indemnity and contribution.

Kelsey–Hayes and Kelsey–Hayes Canada contend that even if Magnuson is shown to have made a submissible case on any of his claims, the trial court properly granted the motion for new trial because the dismissal of Chrysler was prejudicial to them in that it deprived them of their right to have Chrysler's relative degree of fault considered by the jury. The Kelsey–Hayes defendants claim that they were entitled to have Chrysler's fault compared at trial because this was really a design case and Chrysler was co-designer of the wheel. They point to evidence as to the thinning of the steel forming the wheel claiming that this thinning was a design flaw in that no minimum specification covered that thinning.

If Kelsey–Hayes and Kelsey–Hayes Canada had desired a relative determination of Chrysler's fault, they had the option to file a cross-claim prior to Chrysler's dismissal or a third-party petition after Chrysler was dismissed. *Whitehead & Kales,* 566 S.W.2d at 473. They did neither. The only mention of any type of apportionment requested by Kelsey–Hayes and Kelsey–Hayes Canada is in their answers to Magnuson's first amended petition where each "specifically requests the Court to determine the comparative fault of the plaintiff and all other *parties to this action....*" (emphasis added). After its original dismissal Chrysler was no longer a party to this action, so even under the theory espoused by the Kelsey–Hayes defendants, the language in said answers was not sufficient to obtain a determination of relative fault. Additionally, a claim for contribution constitutes "a separate independent claim from the underlying tort claims...." *Asher v. Broadway–Valentine Center, Inc.,* 691 S.W.2d 478, 481 (Mo. App.1985). A defendant who has not filed a cross-claim may not complain of errors when the only effect of such errors is to absolve a co-defendant of liability, thereby preventing a joint verdict. *Id.*

The Kelsey–Hayes defendants contend, however, they were specially prejudiced by Magnuson's representation that he was proceeding on a manufacturing defect while Magnuson's evidence at trial supported the theory of design defect. They allege prejudice resulted because Chrysler was not a party and, although the Kelsey–Hayes defendants could not force Magnuson to join Chrysler, the misleading nature of the representations of theories of recovery precluded their filing a third-party petition against Chrysler. They claim this misrepresentation prevented them from exercising their right to have the same jury that found liability and determined damages consider the apportionment of fault and determine contribution.

The Kelsey–Hayes defendants allowed the presentation of evidence, now claimed to be on design defect, without objection. They stood mute while the evidence was

admitted, they extensively cross-examined the witness, Dr. Bohl, on the issue and then on the next day of trial claimed prejudice and requested a mistrial. The Kelsey–Hayes defendants stated that the only remedy they were pursuing was a mistrial. They cannot permit the introduction of such evidence and then argue it injected issues which prejudiced them. *Cargill v. Armocido*, 476 S.W.2d 506, 508 (Mo. banc 1972). By their conduct, the Kelsey–Hayes defendants are precluded from relief, particularly the drastic remedy of a mistrial.

Additionally, the Kelsey–Hayes defendants cannot show how they were prejudiced as they still can maintain a separate action against Chrysler for contribution. The Kelsey–Hayes defendants claim that they are arguably barred from taking such a step because Chrysler would defend as an "innocent seller" under § 537.762, RSMo Supp.1987. The trial court vacated its ruling that Chrysler was an innocent seller when it vacated its dismissal of Chrysler. Therefore, there is no judicial determination that Chrysler was an innocent seller upon which Chrysler could base a claim of res judicata.

Whether or not Chrysler could prevail, in a separate action for contribution, on an anticipated claim that it is an innocent seller, is a question not properly before this court. Nor is the prospect that Chrysler, in an independent action, will attempt to claim that it is not liable for contribution because the jury verdict was based upon its finding that the wheel contained a "manufacturing defect" and it did not manufacture the wheel. The language of the instruction submitted to the jury does not resolve the question of whether the testimony at trial was in fact of a design defect or a manufacturing defect. It is noted that under Missouri law the required elements for submission of a claim of manufacturing defect mirror the elements for submission of a claim of design defect. The verdict-directing instruction MAI No. 25.04 is intended to be used in both manufacturing and in design defect cases. No distinction is made between the proof necessary to support either claim. Although this appears to result in a blurring of the two theories of recovery, it may well have been

intentional, or at least condoned, as evidenced by the MAI instruction. In any event, the question of whether Chrysler will be liable for contribution to the Kelsey–Hayes defendants on any theory of recovery is relegated to a subsequent action.

In additional points, Kelsey–Hayes and Kelsey–Hayes Canada have challenged the submissibility of Magnuson's claims. They are allowed to make this challenge under the authority of *Boyer v. Grandview Manor Care Center, Inc.*, 793 S.W.2d 346, 347 (Mo. banc 1990), which explains:

> In *Robbins v. Jewish Hospital of St. Louis*, 663 S.W.2d 341 (Mo.App.1983), the jury returned a verdict favoring plaintiff. The trial court denied defendant's motion for judgment notwithstanding the verdict, but sustained the motion for new trial because it erroneously admitted evidence and erred in giving certain instructions. Plaintiff appealed the order granting the new trial; defendant appealed the denial of its motion for judgment notwithstanding the verdict. The court dismissed defendant's appeal.
>
> The granting of defendant's motion for new trial erased the judgment against defendant; therefore, neither a final appealable judgment exists nor is defendant an aggrieved party with standing to appeal ... Nevertheless, where a plaintiff appeals asserting error by the trial court, the defendant **may** contest the issue of submissibility of plaintiff's case, an issue inherent in every appeal.

(Emphasis added). *Id.* at 344. The court went on to rule the submissibility question despite its dismissal of defendant's appeal.

Kelsey–Hayes and Kelsey–Hayes Canada claim that Magnuson failed to make a submissible case of strict liability or negligent manufacturing defect. Where the submissibility of a plaintiff's case is challenged on appeal, the evidence is viewed in the light most favorable to the verdict together with all reasonable inferences drawn from the evidence. *Coulter v.*

*Michelin Tire Corp.*, 622 S.W.2d 421, 426 (Mo.App.1981).

The Missouri Supreme Court, in addressing strict liability product claims, instructs that "the sole subject of inquiry is the defective condition of the product and not the manufacturer's knowledge, negligence, or fault." *Elmore v. Owens–Illinois, Inc.*, 673 S.W.2d 434, 438 (Mo. banc. 1984). Strict liability in tort imposes upon a manufacturer a duty not to introduce an unreasonably dangerous product into commerce, whether the danger arises from defective manufacture, defective design, or a failure to warn of danger. *Peters v. Johnson & Johnson Products, Inc.*, 783 S.W.2d 442, 444 (Mo.App.1990). Breach of the manufacturer's duty occurs with the introduction of that product into commerce. *Id.*

 In the instant case Magnuson has made a submissible case on the strict liability theory, demonstrating through the testimony of Dr. Bohl, that the wheel was defectively manufactured. Dr. Bohl testified that the steel used in manufacturing the wheel contained carbide films, making the steel brittle, subject to fracture and thereby dangerous. He also testified that the steel was formed too thin, some 30% thinner than original steel blank. Dr. Bohl's testimony makes a submissible case for the jury under Missouri law; that the steel forming the wheel was dangerously defective and that the wheel contained the defect when Kelsey–Hayes and Kelsey–Hayes Canada introduced it into commerce.

Kelsey–Hayes and Kelsey–Hayes Canada rely on cases from other jurisdictions, most notably *Lombard v. Centrico, Inc.*, 161 A.D.2d 1071, 557 N.Y.S.2d 627, 628 (App. Div.1990), for the proposition that in order to make a submissible case as to a manufacturing defect, the plaintiff must establish that the product does not conform to design specifications. The Kelsey–Hayes defendants attempt to engraft such a requirement in Missouri relying on *Duke v. Gulf & Western Mfg. Co.*, 660 S.W.2d 404, 411 (Mo.App.1983), wherein this court observes:

> In a manufacturing defect case the jury can rather easily determine whether a single product conforms to the intended design. The jury in a design defect case, however, may have no external standard by which to measure the design, or at least the standard with which the design should have complied is not always naturally apparent.

This observation does not mandate that a showing of non-conformity to design be made in a strict liability manufacturing defect case. It is illustrative of one form of proof which may be presented, contrasting that to the lack of external standards in design cases.

As previously noted, Missouri does not require such proof as a threshold of submissibility. The Missouri Supreme Court adopted *2 Restatement Torts, Second,* § 402 A [3] in *Keener v. Dayton Elec. Mfg. Co.*, 445 S.W.2d 362 (Mo.1969). Review of Missouri case law reveals that this is the standard applied in strict liability cases.[4] Magnuson made a submissible case showing that the Kelsey–Hayes defendants manufactured the wheel; it was in a defective condition unreasonably dangerous when put to a reasonably anticipated use; was in fact used in such a manner; and

---

**3.** That section states:

> (1) One who sells any product in a defective condition unreasonably dangerous to the user or consumer or to his property is subject to liability for physical harm thereby caused to the ultimate user or consumer, or to his property, if
>
> (a) the seller is engaged in the business of selling such a product, and
>
> (b) it is expected to and does reach the user or consumer without substantial change in the condition in which it was sold.
>
> (2) The rule stated in Subsection (1) applies although

> (a) the seller has exercised all possible care in the preparation and sale of his product, and
>
> (b) the user or consumer has not bought the product from or entered into any contractual relation with the seller.

**4.** *See, e.g., Angotti v. Celotex Corp.*, 812 S.W.2d 742, 751 (Mo.App.1991); *Asbridge v. General Motors Corp.*, 797 S.W.2d 775, 777–78 (Mo.App. 1990); *Patterson v. Foster Forbes Glass Co.*, 674 S.W.2d 599 (Mo.App.1984); *Jarrell v. Fort Worth Steel & Mfg. Co.*, 666 S.W.2d 828, 834 (Mo.App. 1984); *Racer v. Utterman*, 629 S.W.2d 387, 392–93 (Mo.App.1981).

that his injuries are a direct result of such defect as existed when the wheel was sold.

The Kelsey–Hayes defendants point out that the wheel had seen heavy use over a period of some eleven years. They contend that, as a matter of law, this use precludes a finding of manufacturing defect. This is a factual question for the jury. Magnuson provided evidence that the flaw in the microstructure of the wheel, not the wear and tear from use, was the cause of the accident. From this the jury could find that the defect occurred before the wheel left the Kelsey plant. The cases cited by the Kelsey–Hayes defendants to support their contention are not on point as they are based upon the relationship between the wear and tear on a product and the accident.[5] The evidence in the instant case supports the theory that the wheel was defective at the time of its manufacture and that the defect, and not simply wear and tear, caused the wheel to fracture.

The Kelsey–Hayes defendants further challenge the denial of their JNOV motions claiming Magnuson failed to make a submissible case on both negligent manufacturing defect and strict liability failure to warn. Review of these claims of error is rendered unnecessary. This court's holding that Magnuson made a submissible case on his strict liability manufacturing defect theory supports the award of damages. The alternative theories of negligent manufacturing defect and strict liability failure to warn are extraneous issues. This is in contrast to the general principle that when submitting to a jury multiple theories of recovery upon a single injury, there must be a submissible case on each theory of liability. *Johnson v. Bush,* 418 S.W.2d 601, 606 (Mo.App.1967); MAI 1.02. The verdict form under MAI No. 36.01 necessitates such, because it does not reveal upon which of the theories of recovery the jury reached its consensus. The non-MAI verdict form utilized in this case, however, required that the jury make a separate finding on each theory of recovery, clearly establishing a finding by the jury of liability upon the Kelsey–Hayes defendants under the strict liability manufacturing defect theory.[6] The amount of damages awarded by the jury would not be impacted whether the jury found for Magnuson upon one theory of recovery or upon three.

Finally, upon a reversal of the order granting a new trial, the Kelsey–Hayes defendants ask this court to remand the cause to the trial court for consideration of their motions for remittitur. They claim that when the trial court granted their motions for new trial, their alternate motions for a grant of remittitur became moot. Magnuson cites *Burke v. Moyer,* 621 S.W.2d 75, 82 (Mo.App.1981), for the proposition that when a new trial is granted on a specified basis, that ruling constitutes an overruling of all of the other grounds asserted by the movant. In dicta in *Burke,* this court addressed the failure of the trial court to expressly rule on the motion for remittitur, granting a new trial on other grounds. The view expressed was that the trial court's failure to rule on remittitur "results in that motion being deemed to have been overruled." *Id.* at 82. It is noted that the question of remittitur was not briefed in *Burke.*

Kelsey–Hayes and Kelsey–Hayes Canada argue that the motions for remittitur were not considered by the trial court because the motions for remittitur became moot upon the granting of a new trial. This position, although contrary to the discussion in *Burke,* follows the rationale of the case law cited therein. Both *Smith v. Courter,* 531 S.W.2d 743, 747 (Mo. banc 1976), and *Hoehn v. Hampton,* 483 S.W.2d 403, 407 (Mo.App.1972), discuss

---

**5.** *Glass v. Allis–Chalmers Corp.,* 618 F.Supp. 314, 316 (E.D.Mo.1985), *aff'd* 789 F.2d 612 (1986); *Ford Motor Co. v. Broadway,* 374 So.2d 207, 211 (Miss.1979); *Stuckey v. Young Exploration Co.,* 586 P.2d 726, 731 (Okla.1978); *St. Louis–San Francisco Ry. Co. v. Armco Steel Corp.,* 490 F.2d 367, 370 (8th Cir.1974), *cert. denied* 417 U.S. 969, 94 S.Ct. 3173, 41 L.Ed.2d 1140 (1974); *Sur-*

gi *v. Otis Elevator Co.,* 541 So.2d 297, 299 (La. App.1989); and *Woelfel v. Murphy Ford Co.,* 337 Pa.Super. 433, 487 A.2d 23, 24 (Pa.Super.1985).

**6.** Any irregularity as to the form of the verdict is not at issue, as this court has not been asked to review such matter on appeal.

the general rule that the grant of a new trial on a specified basis constitutes the overruling of any other grounds asserted in the motion for new trial. Remittitur is a separate motion; it is not a ground for new trial. The two are mutually exclusive. The trial court could completely overrule the motion for new trial but still order remittitur. A consideration of one of the motions is, therefore, not necessarily a consideration of the other. It should not be assumed that the trial court took the opportunity to consider the issue of remittitur.

Remittitur is a construct with a separate identity than that of excessiveness as a ground for new trial. In *Blevins v. Cushman Motors*, 551 S.W.2d 602, 614–15 (Mo. banc 1977), the Missouri Supreme Court distinguished these two objections to a jury's verdict, saying:

> [T]here are two different objections which can be made against a jury verdict. One is that it is merely excessive, and in that case the verdict may be cured by remittitur. The second type of objection is that the verdict is excessive as the product of bias and prejudice on the part of the jury; and in this case the excessiveness cannot be cured by remittitur, but requires a new trial.

Although excessiveness of the verdict as grounds for a new trial was deemed overruled by the trial court's action in the instant case, the motion for remittitur was not, as remittitur involves a process not amounting to a new trial.

Upon this court's determination that the order granting a new trial would be reversed and the judgment reinstated, the motions for remittitur were, in fact, ripe for consideration. It was necessary for this court to address whether the motions for remittitur should be ruled by this court on appeal or by the trial court on remand. It is generally preferable for the trial court to initially consider the issue, even though under § 537.068, RSMo Cum.Supp.1991, this court has the authority to rule without remand. The statute provides:

> A court may enter a remittitur order if, after reviewing the evidence in support of the jury's verdict, the court finds that the jury's verdict is excessive because the amount of the verdict exceeds fair and reasonable compensation for plaintiff's injuries and damages. A court may increase the size of a jury's award if the court finds that the jury's verdict is inadequate because the amount of the verdict is less than fair and reasonable compensation for plaintiff's injuries and damages.

Section 537.068, RSMo Cum.Supp.1991.

The trial court did not reach the question of whether remittitur is proper under the facts of the instant case and thus did not exercise its "broad discretion" on the matter. *See Hall v. Superior Chem. & Fertilizer, Inc.*, 819 S.W.2d 422, 425 (Mo.App. 1991). This court declined to consider the matter before the trial court had the opportunity to do so, because this court has not been adequately briefed on the matter. Additionally, neither party asked this court to consider remittitur. The Kelsey–Hayes defendants, in fact, asserted that the trial court was the appropriate tribunal to decide the question.

In order to promote judicial economy and avoid a second appeal, this court, while retaining jurisdiction of the appeal and prior to issuing an opinion, remanded the matter to the trial court to allow the trial court to rule on the remittitur motions. On August 31, 1992, the trial court entered its order overruling the motions. The parties were thereafter permitted to raise additional issues on appeal to address the trial court's order denying remittitur.

The Kelsey–Hayes defendants argue, in the one point on appeal raised in their supplemental brief, that the trial court erred in denying their motions for remittitur because the verdict is clearly excessive and exceeds fair and reasonable compensation for Magnuson's injuries.

■ In reviewing the trial court's denial of remittitur, this court must afford the trial judge broad discretion. *Hall v. Superior Chemical & Fertilizer*, 819 S.W.2d at 425. The trial court is in the best position to weigh the evidence regarding the Kelsey–Hayes defendants' motions for remittitur. *Id.* On appeal, the trial court's ruling

should not be disturbed unless it constitutes an arbitrary abuse of discretion. *Id.*

Whether an award resembles awards given in other cases with similar facts is no longer the sole consideration in evaluating the excessiveness of an award. *Larabee v. Washington,* 793 S.W.2d 357, 360 (Mo.App.1990). Each case must be viewed in light of its own facts and in light of the following factors: (1) present and future loss of income, (2) medical expenses, (3) plaintiff's age, (4) the nature and severity of the injuries, (5) economic factors, (6) awards given in similar cases, and (7) the superior opportunity of the trial court and jury to appraise plaintiff's injuries and other damages. *Id.*

In the case at hand, both the judge and the jury viewed Magnuson at trial, an opportunity which this court did not have. The jury awarded Magnuson $4,750,000 and the trial court, on remand, agreed that this amount was fair and reasonable compensation for Magnuson's injuries. The Kelsey–Hayes defendants have argued extensively that the jury's award is excessive when compared with other cases with similar facts, however, that is not the sole test. The factors in *Larabee* are to be considered in addition to such a comparison. The trial court was in the best position to weigh the evidence regarding such factors. This court will not disturb the trial court's ruling because it does not constitute an arbitrary abuse of discretion.

The order for new trial is reversed and the cause is remanded to the trial court with directions that the judgment in favor of Magnuson and against Kelsey–Hayes and Kelsey–Hayes Canada be reinstated.

All concur.