■ ROSEMARIE LONIGRO, Appellant, v TDC ELECTRONICS, INC., Defendant and Third-Party Plaintiff-Respondent, WECOM, INC., Respondent, et al., Third-Party Defendant. [627 NYS2d 930] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Rutledge, J.), dated August 16, 1993, which, *inter alia,* granted the motion of the defendant Wecom, Inc. for summary judgment dismissing the complaint, the second third-party complaint, and all cross claims insofar as asserted against it

and granted the separate motion of the defendant, TDC Electronics, Inc. dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is affirmed, with one bill of costs to the respondent Wecom, Inc.

The plaintiff, a toll collector for the Triborough Bridge and Tunnel Authority (hereinafter TBTA), allegedly sustained personal injuries when she was struck by the barrier arm of an automatic toll machine. The barrier arm had been manufactured by the defendant Wecom, Inc. (hereinafter Wecom), pursuant to specifications provided by the TBTA. The toll machine itself was manufactured by a French company, Compagnie De Signaux et D'Equipments Electroniques (hereinafter CSEE), which had contracted with the TBTA to furnish and install the toll machines. CSEE was also the parent company of the defendant TDC Electronics, Inc. (hereinafter TDC). It is apparent from the record that the TDC was involved in the installation of the automatic toll machines, during which the subject barrier arm was mounted thereon.

The plaintiff's claims of negligence and strict products liability are primarily based upon the alleged defective design and manufacture of the toll barrier arm. The plaintiff contends that the barrier arm should have been padded or equipped with a device causing the arm to return to an upright position, or stop in its place, when met with resistance. In addition, the plaintiff has alleged that there was a failure to warn her "of the inferiority" of the automatic toll machines and barrier arms.

The plaintiff has failed to allege facts or offer any proof to negate Wecom's showing that the barrier arm was fabricated in conformity with the strict specifications provided by its purchaser, the TBTA. Further, the plaintiff has not shown that the design and specifications submitted by the TBTA revealed inherent dangers in the barrier arm. Consequently, there exists no triable issue of fact regarding the defective design and manufacture cause of action which the plaintiff has asserted against Wecom (see, Lombard v Centrico, Inc., 161 AD2d 1071; Leahy v Mid-West Conveyor Co., 120 AD2d 16, 18). Since the record also clearly discloses that TDC Electronics participated in neither the design nor the manufacture of the subject barrier arm, there exists no triable issue of fact regarding the causes of action based on defective design and manufacture which the plaintiff has asserted against TDC.

In addition, the duty to warn of a product's danger does not

arise when the injured is already aware of the specific hazard *(see, Lombard v Centrico, Inc., supra)*, or the product-connected danger is obvious *(see, Heller v Encore of Hicksville,* 76 AD2d 917). Here, the plaintiff admitted that she was aware of the danger of walking under the upright barrier arm of an automatic toll machine and, moreover, the danger inherent in her action was obvious. Thus, there exists no triable issue of fact regarding the causes of action based on the defendants' failure to warn her of any defects in the barrier arm.

Finally, contrary to the plaintiff's contention, TDC's involvement in the installation of the subject barrier arm does not, by itself, create a question of fact as to whether TDC was in some way negligent in installing the barrier arm. Accordingly, since the plaintiff has failed to effectively raise an issue of fact regarding her proffered theories of liability, the Supreme Court properly granted the defendants' motions for summary judgment *(see, Alvarez v Prospect Hosp.,* 68 NY2d 320). Miller, J. P., Pizzuto, Joy and Friedmann, JJ., concur.