■ Peter Mangano et al., Appellants, v United Finishing Service Corp., Respondent. (And a Third-Party Action.) [690 NYS2d 680] —In an action to recover damages for personal injuries based on negligence, breach of warranty, and strict products liability, the plaintiffs appeal from a judgment of the

Supreme Court, Nassau County (Kutner, J.), dated January 23, 1998, which, upon the granting of the respective motions of the defendant and the third-party defendant pursuant to CPLR 4401 for judgment as a matter of law dismissing the complaint, made at the close of the plaintiffs' case, dismissed the complaint.

Ordered that the judgment is affirmed, with costs.

The plaintiff Peter Mangano suffered injuries when a conventional stone grinding wheel from which he had removed the safety guard fractured while he was working with it. The wheel had been distributed to Mangano's employer by the defendant, United Finishing Service Corp. (hereinafter United). The plaintiffs commenced this action against United to recover damages based on negligence, strict products liability, and breach of warranty. At the conclusion of the plaintiffs' case, United and the third-party defendant moved pursuant to CPLR 4401 for judgment as a matter of law dismissing the complaint. The grounds for the motions were that there was no duty to warn under the circumstances of the case, and, in any event, the plaintiffs failed to prove that if the defendant had provided adequate warnings, Mangano would not have misused the product.

The duty to warn of a product's danger does not arise when the injured party is already aware of the specific hazard (*see, Lombard v Centrico, Inc.,* 161 AD2d 1071). Mangano, who was an experienced lathe user, testified that he was well aware of the dangers presented by the use of the wheel without a guard (*see, Lonigro v TDC Elecs.,* 215 AD2d 534; *LaPaglia v Sears Roebuck & Co.,* 143 AD2d 173).

Furthermore, a plaintiff who is injured as a result of his own misuse of a product may not recover on the basis of a defendant's failure to provide adequate warnings unless he proves that if adequate warnings had been provided, the product in question would not have been misused (*see, Banks v Makita, U.S.A.,* 226 AD2d 659; *see also, Johnson v Johnson Chem. Co.,* 183 AD2d 64, 70). The evidence at trial indicated that Mangano purposefully adapted the wheel for his own experimental purposes, knowing of the potential dangers in doing so. We conclude, therefore, that the plaintiffs presented no evidence that any alleged negligence of United in failing to adequately warn Mangano about the hazards of using the wheel was the proximate cause of the accident. Under the circumstances, the Supreme Court properly dismissed the complaint. Altman, J. P., Friedmann, McGinity and Luciano, JJ., concur.